UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY COLBY,<br>    Petitioner,<br><br>        v.<br><br><br>DAVID WINN, WARDEN, ET AL.,<br>    Respondents | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 05-40124-NG |

MEMORANDUM AND ORDER

GERTNER, D.J.

For the reasons set forth below, Plaintiff's Motion to Proceed *in forma pauperis* (#1) is allowed and District Attorney Geoffrey Rushlau is dismissed as a Respondent in this action. It is further Ordered that the Respondent David Winn, Warden at FMC Devens, shall be served a copy of the § 2241 petition and shall file a response in accordance with the directives set forth herein.

BACKGROUND

On August 5, 2005, Petitioner Barry Colby, a prisoner at FMC Devens in Ayer, MA, filed his self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends that a probation violation warrant and detainer issued by the Lincoln County Superior Court in Wiscasset, Maine prevents him from being considered for release to a halfway house in Maine.

More specifically, Petitioner claims that in 1996, just prior to his completion of state probation, he received a notice that he was in violation of probation for failing to report to his probation officer. Petitioner appeared for a hearing and at that hearing, the matter was continued

for 180 days. There were five subsequent hearing on the matter, at which Petitioner appeared. Each time the matter was continued for an additional 180 days, and more than 3 years had elapsed since the violation charges were lodged. Petitioner further asserts that from January 2000 through May 2000 he was held at the Cumberland County Jail in Portland, Maine on both federal drug charges and also on the probation violation, but did not receive a probation violation hearing.

Petitioner contends the probation officer violated his right to a speedy hearing and that the failure of the Superior Court to hold a hearing violated his right to a speedy hearing under Maine law.

The attachments to his petition indicate that in January 2004, Petitioner had written to the Court seeking a hearing. The letter appears to have been forwarded to District Attorney Geoffrey Rushlau,(a defendant named by the Petitioner in this action) for review. In a response to the issues presented by the Petitioner, Attorney Rushlau, in a letter dated June 17, 2004 wrote to Sharon Simpson, Clerk of the Lincoln County Superior Court advising her of his understanding that the United States Bureau of Prison's (BOP) policy:

> is that they will not return sentenced inmates to the states for hearing on probation violations. They only honor detainers on pending criminal charges. They will hold the federal inmate until his or her federal sentence is completed, and then honor the detainer. So we have no ability to bring him to Maine at this time. We can't do anything to eliminate further delay. Therefore, the two pending Motions to Revoke Probation, from 1996 and 1999, should not be dismissed even though they may have some impact on his current incarceration.

Letter from District Attorney Rushlau to Sharon Simpson, dated June 17, 2004.

In a subsequent letter dated November 22, 2004, Attorney Rushlau sent a request to the

Records Department at FMC Devens, stating, in relevant part:

> A detainer was lodged against [Petitioner] in February 2002. There is currently a probation violation proceeding in Lincoln County Superior Court ...with an outstanding warrant. I understand the inmate's release date from federal custody is November 10, 2005, but that he could be released earlier to a halfway house in Portland, Maine. Please consider this letter as a withdrawal of the detainer request. The warrant will remain outstanding until he surrenders himself to our court. Bail will be addressed at that time. I ask that his release from your facility be made contingent upon his making arrangements for his surrender promptly upon his return to Maine.

Letter from District Attorney Rushlau to FMC Devens, dated November 22, 2004.

Petitioner seeks 1) to have this Court dismiss the charges pending against him in the Lincoln County Superior Court, 2) to have the outstanding warrant rescinded and canceled; and 3) to order the BOP to grant him the opportunity to serve a remaining portion of his federal sentence in a halfway house in Portland, Maine.

Accompanying his petition was an Application to Proceed *in forma pauperis*.

## ANALYSIS

I.   The Application to Proceed *In Forma Pauperis*

Upon review of Petitioner's Application to proceed *in forma pauperis*, and his prison account statement indicating he has a balance of $.02 in his account, and an average monthly balance for the past six months of $34.41, and no other substantial assets or income, the Court finds the Petitioner has made a sufficient showing that he qualifies for *in forma pauperis* status. Accordingly, his motion for leave to proceed *in forma pauperis* (#2) is Allowed.

II.   Dismissal of Respondent Geoffrey Rushlau

Petitioner has named District Attorney Geoffrey Rushlau as a Respondent in this action.

However, it is well settled that a writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. Petitioner's legal custodian is the warden of FMC Devens, the individual having day-to-day control over the facility in which petitioner is being detained. Rumsfeld v. Padilla, --U.S.--, 124 S. Ct. 2711, 2720 (2004); Vasquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S. Ct. 43 (2001).

Accordingly, it is hereby ORDERED that District Attorney Geoffrey Rushlau shall be dismissed from this action, and the sole Respondent shall be Warden David Winn. The clerk shall correct the case caption to reflect that the only respondent to this action is David Winn.

    III.    Procedural Order for Service of Petition

It is Further ORDERED that:

(1)    The Clerk of this Court shall serve a copy of the Petition, by certified mail, upon (i) David Winn, Warden, FMC Devens, P.O. Box 879, Ayer, Massachusetts 01432; AND (ii) the United States Attorney; and

(2)    The Respondent shall, within 20 days of receipt of this Order, file an answer or other responsive pleading. As part of the response, the Respondent shall report on the current status of the detainer lodged against the Petitioner in connection with probation revocation proceedings (*i.e.*, whether the detainer remains in place or whether, based on the letter of District Attorney Rushlau or some other document, the detainer was canceled). The Respondent shall also report on the history and current status of the probation revocation proceedings in Lincoln County Superior Court.

CONCLUSION

Based on the above, it is hereby ORDERED:

1. Petitioner's Application to proceed *in forma pauperis* is allowed.

2. District Attorney Geoffrey Rushlau is dismissed as a Respondent and the clerk shall correct the caption accordingly; and

3. The Respondent David Winn, Warden, shall file a response to the Petition in accordance with this Memorandum and Order.

Dated in Boston, Massachusetts, on this 26th day of August, 2005.

/s/ Nancy Gertner
NANCY GERTNER
UNITED STATES DISTRICT JUDGE