UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

BARRY CLARK COLBY,     )
         )
     Plaintiff,     )
         )
v.         )     Civil Action No. 05CV40124NG
         )
DAVID L. WINN, et al.     )
         )
     Defendants.     )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### I. Introduction

Petitioner Barry Clark Colby, Reg. No. 03901-036, is a federal inmate who is incarcerated at the Federal Medical Center in Devens, Massachusetts (FMC Devens).[1] Petitioner has filed this Petition for Writ of Habeas Corpus against the defendant, David Winn, Warden, FMC Devens (Warden Winn), pursuant to 28 U.S.C. § 2241. In it, Petitioner seeks to have an open criminal charge (based on a probation violation) from the State of Maine dismissed, the pending criminal warrant on that case rescinded, and immediate consideration by the Bureau of Prisons (BOP) for a Community Corrections Center (CCC) placement. See **Petition**, p.6.

Warden Winn moves to dismiss the Petition for failure to state a claim upon which relief can be granted for the following three reasons: First, Petitioner Colby failed to exhaust his

_____

[1]    On April 24, 2000, he was sentenced in the United States District Court for the District of Maine by the Honorable D. Brock Hornby, United States District Judge, to an 80 (eighty) month term of imprisonment with a 5 (five) year term of supervised release to follow. See **Document A**, Sentence Monitoring Computation Data, attached to the Declaration of Attorney Advisor Patrick Ward; **Document B**, Judgment and Commitment Order. On docket number 00-CR-14-P-H, Petitioner was convicted of Possession With Intent to Distribute Cocaine Base, a violation of Title 21 U.S.C. §841(a)(1) and 841(b)(1)(B). See **Document A; Document B**. Assuming Petitioner is granted all Good Conduct Time available to him under 18 U.S.C. § 3624 (b), his projected satisfaction date on this docket is November 10, 2005. In the event that all of his remaining Good Conduct Time is disallowed, his full term expiration date is September 19, 2006. See **Document A**.

available Administrative Remedies on the issue that is the subject of this habeas corpus petition.[2]
See **Document C**, Administrative Remedy History.  See also, **Section III ( A )**, *infra*.
Specifically, Petitioner failed to raise the issue of his pending Maine charge, his open Maine
warrant, or his reconsideration for a CCC placement in any Administrative Remedy Request.
See **Document C**.  Second, Petitioner's request for immediate CCC placement is not the proper
subject of a habeas corpus petition, as he has no protected liberty interest in a CCC Placement
and thus, is not entitled to the relief requested.  Third, there is no longer any case or controversy
before this Court as pertains to Warden Winn, and thus, the Petition is now moot.  Specifically,
the question of Petitioner's CCC placement is the only federal issue on the face of the Petition.
However, as a result of actions taken by the BOP in conjunction with the Lincoln County
District Attorney's Office,  Petitioner has now been approved for a pre-release placement to the
Pharos House in Portland, Maine for October 11, 2005, a 30 day CCC placement.  As such, there
is no longer a live case or controversy and Petitioner's claim is now moot.

## II.  Factual Background

**Petitioner's Detainer History / BOP CCC Placement Consideration.**

Based upon records in the possession of the BOP, the following background indicates the
detainer history relevant to Petitioner's prior and current eligibility for a pre-release CCC
placement.  Following Petitioner's April 24, 2000, federal sentence in the U.S. District Court for
the District of Maine, he was designated to the Federal Correctional Institution at Ray Brook,

---

[2]Of the three issues raised in this Petition (probation violation dismissed, warrant rescinded,
and BOP reconsideration of CCC placement), only the third is germane to the BOP as the BOP
could not do anything about the other two issues.  In other words, the BOP would not be able to
dismiss Petitioner's open state charge for a probation violation or be the primary agency to have
his state warrant rescinded.

New York (FCI Ray Brook) on June 1, 2000.  <u>See</u> **Document D**, Inmate Admission-Release

History.  Subsequently, on or about June 15, 2000, staff in the Inmate Systems Management

Department at FCI Ray Brook filed a Detainer Action Letter with the Division of Probation and

Parole in Augusta, Maine.  <u>See</u> **Document E**, June 15, 2000 Detainer Action Letter.  This Letter

sought clarification from the probation and parole division of the state of Maine on the possible

probation violation of Petitioner because his Federal Presentence Report indicated that he was on

probation on a Lincoln County, Maine docket when he committed his current federal offense.

**Document E**.  In this letter, the BOP sought information on the disposition of the Maine (state)

case, and also sought information concerning whether Maine wished to have a detainer placed on

Petitioner for its open case.  A second attempt was made by FCI Ray Brook to contact the Maine

Division of Probation and Parole on or about July 27, 2000. <u>See</u> **Document F**, July 27, 2000

Detainer Action Letter.

On January 10, 2002, Petitioner was re-designated and transferred to the FMC Devens.

<u>See</u> **Document D**.  Subsequent to his arrival at FMC Devens, staff in that institution's ISM

Department submitted a Detainer Action Letter to the Maine Division of Probation and Parole on

January 14, 2002, seeking information on the disposition of the prior Maine case and whether

that state sought a detainer on Petitioner.  <u>See</u> **Document G**, January 14, 2002 Detainer Action

Letter.  On or about February 13, 2002, the State of Maine Department of Corrections Regional

Correctional Administrator responded with a letter addressed to FMC Devens ISM, wherein he

enclosed a copy of a 1999 Warrant of Arrest for Petitioner and requested that a detainer be

lodged against Petitioner.  <u>See</u> **Document H**, February 13, 2002, Maine DOC Request for

Detainer; **Document I**, August 1999 Warrant of Arrest.  The 1999 Warrant was issued for a

probation violation on a 1987 state conviction and commanded that Petitioner be arrested and committed to county jail pending a hearing.  **Document I**.  It also commanded that no bail be allowed.  Id.

Upon receipt of the 1999 Warrant and request for detainer, the FMC Devens ISM Department verified receipt of this information and prepared a Detainer Action Letter to the Maine Department of Corrections advising them of the filing of the detainer and of Petitioner's tentative projected release date (November 10, 2005).  See **Document J**, February 19, 2002, Detainer Action Letter.

On each of Petitioner's five (5) Program Review Reports from January 2003 through November 2004, Petitioner was advised that he was not eligible for a CCC recommendation and would not be referred for a pre-release placement to a CCC due to the detainer that was pending from Maine DOC for his probation violation.  See **Documents K- O**, Program Review Reports. Subsequently, on or about November 22, 2004, District Attorney Geoffrey Rushlau wrote to the ISM Department at FMC Devens and requested a withdrawal of the earlier filed detainer request. See **Document P**, November 22, 2004 Detainer Withdrawal Request.  Within this letter, DA Rushlau indicated that although the detainer should be removed, the warrant would remain outstanding.  Subsequent to receipt of the request to remove the detainer, FMC Devens ISM staff prepared another Detainer Action Letter on or about December 17, 2004, advising DA Rushlau that the detainer was removed.  See **Document Q**, December 17, 2004 Detainer Action Letter.

After the detainer removal, Petitioner's Unit Team reviewed his case and recommended Petitioner for a CCC placement by way of an Institutional Referral on or about February 9, 2005. See **Document R**, February 9, 2005, Institutional Referral for CCC Placement.  This form

indicated that although DA Rushlau had requested the removal of the detainer so that Petitioner

could get an earlier release to CCC placement, the warrant remained outstanding.  **Document R**,

¶ 11.  Based upon this referral, FMC Devens approved a CCC placement for Petitioner to the

Pharos House CCC in Portland, Maine for May 20, 2005. See **Document S**, April 18, 2005

Transfer Order.   Prior to Petitioner's placement, however, the Pharos House CCC, as well as the

Community Corrections Manager, were notified that upon Petitioner's arrival at the CCC in

Maine, he would be arrested on the open warrant.  See **Document T**, May 2005 Pharos House

and CCM e-mails.  This would result in Petitioner being unable to complete his federal sentence,

which is due to expire on November 10, 2005.  Consequently, as a result of the open warrant,

Petitioner's placement to the CCC in Maine was removed.  See **Document U**, May 17, 2005,

Daily Log.

Subsequent to Petitioner filing this suit and naming DA Rushlau as a Respondent, the

BOP communicated with the DA on the status of the open warrant.  As a result of that

communication, a "Motion To Recall Arrest Warrant And Issue Summons" was filed by

DA Rushlau in the Lincoln County Superior Court in Maine on the pending probation violation.

See **Document V**, August 2005 Motion To Recall Warrant.  This motion was granted on

August 31, 2005, and a summons to appear was issued on September 2, 2005, for Petitioner to

appear for a hearing on his probation violation on December 1, 2005, at 8:30 am.  See

**Document W**, September 2005 Summons.  Consequently, Petitioner became eligible again for

CCC placement consideration.

With the September 2, 2005, granting of DA Rushlau's Motion to Recall Arrest Warrant

and Issue Summons, FMC Devens immediately initiated a reconsideration of Petitioner's

5

CCC placement and processed an updated Institutional Referral for CCC placement.  See

**Document Y**, September 2005 Institutional Referral for CCC Placement.  Based upon this

updated referral **Petitioner was approved for a pre-release placement to the Pharos House**

**in Portland, Maine, for October 11, 2005**, a 30 day CCC placement.  See **Document Z**, Inmate

Profile. (Emphasis supplied.)

III.  **Legal Argument**

      A.    **As Petitioner Has Failed to Exhaust His Administrative Remedies, This**
                  **Petition Should Be Dismissed.**

      Petitioner's request for reconsideration of a CCC placement by FMC Devens should be

dismissed because he failed to exhaust his available administrative remedies on this issue,[3]

precluding review by the courts.  Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir.

1996).  Exhaustion of Administrative Remedies is an affirmative defense and is properly raised

in a motion to dismiss.  See Casanova v. Dubois, 304 F.3d 75, 77 n.3 (1st Cir. 2002).

      The Prison Litigation Reform Act of 1995, as amended 42 U.S.C. 1997e (a) (PLRA),

requires a prisoner to exhaust "such administrative remedies as are available" before suing over

prison conditions.   Porter v. Nussle, 122 S.Ct. 983 (2002); Booth v. Churner, 121 S.Ct. 1819

(2001).  In Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, (2001), a unanimous Supreme Court

held that Congress mandated completion of any prison administrative remedy process capable of

addressing the inmate's complaint and providing some form of relief, "irrespective of the forms

---

[3]Petitioner raises three issues in this Petition: a request for dismissal of state charges from
Maine on a probation violation for a prior state case, a request to have the open warrant on his
pending probation violation rescinded, and a request for the BOP to reconsider him and place
him in a CCC, if still available.  On the issue of exhaustion, the BOP would have no remedy on
the first two issues, as they involve the state of Maine and don't even pertain to federal issues.  It
is only the third issue of CCC placement consideration that even pertains to the BOP.

of relief sought and offered through administrative avenues." Id. at 1825.  The administrative

remedy system at issue in the case was nearly identical to the three-level system in use in the

federal prison system.  See Booth v. Churner, 121 S.Ct. at 1821.  The exhaustion doctrine

"enables the agency to develop a factual record, to apply its expertise to the problem, to exercise

its discretion, and to correct its own mistakes, and is credited with promoting accuracy,

efficiency, agency autonomy, and judicial economy."  Christopher W. V. Portsmouth Sch,

Comm., 877 F.2d 1089, 1094 (1st Cir. 1989)(citing McKart v. United States, 395 U.S. 185, 194

(1969)).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761-762 (3d Cir. 1996).

    With respect to habeas petitions, it is well settled that failure to exhaust each issue at all

stages of the administrative remedy system is a proper basis for dismissal.  Moscato v. Federal

Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); United States v. Brann, 990 F.2d 98 (3d Cir.

1993); Gonzalez v. Perrill, 919 F.2d 1 (2d Cir. 1990); Arias v. United States Parole Commission,

648 F.2d 196 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973); DeVincent v.

United States, 587 F.Supp. 494 (E.D.Va. 1984), aff'd, 746 F.2d 1471 (4th Cir.), cert. denied, 470

U.S. 1055 (1985).

    Under the Bureau of Prisons Administrative Remedy Program, federal inmates "may seek

formal review of an issue which relates to any aspect of their confinement. . ."  28 C.F.R.

§ 542.10.  This Program, 28 C.F.R. §§ 542.10 et seq., outlines a three-level grievance procedure

to resolve prisoner complaints, and federal inmates must adhere to this procedure before filing

lawsuits related to conditions of confinement.  In order to exhaust all process under the

administrative remedy procedure for inmates, an inmate must first attempt to informally resolve

the dispute with institution staff.  28 C.F.R. § 542.13.  If informal resolution efforts fail, the

7

inmate may raise his or her complaint to the Warden of the institution in which he or she is

confined, within 20 calendar days of the date that the basis of the complaint occurred.  28 C.F.R.

§ 542.14.  If the Warden denies the administrative remedy request, the inmate may file an appeal

with the Regional Director within 20 calendar days of the date of the Warden's response.

28 C.F.R. § 542.15.  If the Regional Director denies the appeal, the inmate may appeal that

decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from

the date of the Regional Director's response.  See 28 C.F.R. § 542.15.  The administrative

remedy process is not considered to be "exhausted" until an inmate's final appeal is denied by the

Bureau of Prisons General Counsel.[4]

Only after the inmate has pursued his grievance through each of the three levels has he

exhausted the administrative remedies available to him.  See, e.g., Rogers v. United States, 180

F.3d 349, 357-58 (1st Cir. 1999), cert. denied, 528 U.S. 1126 (2000) (noting that "it is well-

established that a request for credit for prior custody . . . must be made, in the first instance, to

the Attorney General through the Bureau of Prisons upon imprisonment after sentencing.  Once

administrative remedies are exhausted, see 28 C.F.R. § 542.10-542.16, prisoners may then seek

judicial review of any jail-time credit determination."); Irwin v. Hawk, 40 F.3d 347,  349 n.2

(11th Cir. 1994).  After a prisoner has exhausted administrative remedies, if he is not satisfied

with the prison's response, he may then seek relief from federal district court.  Id.

The prison regulations "set out the procedures that prisoners must pursue prior to seeking

---

[4]Pursuant to 28 C.F.R. § 542.14, inmates raising "sensitive" issues as well as inmates
challenging disciplinary actions of a discipline hearing officer (DHO), are excused from filing
administrative remedies at the institutional level.  They may access the administrative remedy
system through submission of a Regional Administrative Remedy Appeal.

relief in a district court," and make clear that "exhaustion of administrative remedies is

jurisdictional." United States v. Morales-Morales, 985 F. Supp. 229, 231 (D.P.R. 1997) (internal

quotations and citations omitted). See also 42 U.S.C. § 1997e(a) ("No action shall be brought . .

. under [42 U.S.C. §1983] or any other Federal law by [an incarcerated prisoner] . . . until such

administrative remedies as available are exhausted.")  Thus, if an inmate fails to exhaust

available administrative remedies, the Court lacks subject matter jurisdiction over his civil action

and it must be dismissed.  See, e.g., United States v. Flanagan, 868 F.2d 1544, 1546-47 (11th

Cir. 1989) (prisoner's claim that his pre-sentence custody should have been credited against his

sentence was not properly before the court because prisoner failed to exhaust administrative

remedies available through federal prison system before seeking judicial review).

In the ordinary course of business, computerized indexes of all administrative requests

and appeals filed by inmates are maintained in the Bureau of Prisons computerized data base so

rapid verification may be made as to whether an inmate has exhausted the administrative remedy

process on a particular issue.  Also, hard copies of all administrative remedies that are filed and

responded to through the Institution, Regional Office, and Central Office levels are maintained at

the Institution, as well as at the Northeast Regional Office, so a review of the issues raised in

each administrative remedy could be made.

The BOP's review of the SENTRY administrative remedy records indicates that

Petitioner Colby has failed to exhaust his available administrative remedies concerning this

(CCC placement) issue.  See **Document C**, Administrative Remedy History.  Indeed, Petitioner

has never raised the issue of being reconsidered for his CCC placement to Maine, following the

revocation of that placement in May.  Instead, Petitioner has circumvented the purpose of the

administrative remedy process by bringing his complaint to the courts before the Bureau had an

opportunity to fully address and exhaust the issue.[5]  Petitioner has thus failed to exhaust his

administrative remedies pursuant to the requirements set forth in 28 C.F.R. §§542.10-542.16.

Accordingly, the petition should be dismissed for failure to exhaust administrative remedies.[6]

> **B.      Petitioner's Request For Immediate CCC Placement Is Not The
> Proper Subject Of A Habeas Corpus Petition, As He Is Not Entitled
> To The Relief Requested Because He Has No Protected Liberty
> Interest In A CCC Placement.**

With regard to Petitioner's request to be placed into a CCC immediately, he is not

entitled to collateral relief pursuant to 28 U.S.C. § 2241 or § 2255.  Section 2241 provides that a

---

[5]I would argue that this is exactly the case herein.  Upon viewing the inmate's issues raised in this petition, the BOP contacted the District Attorney and through mutual cooperation, was able to have the warrant rescinded.  As a result of that motion by the DA, the warrant is now dismissed and Petitioner can be considered for CCC placement.  The BOP has immediately reviewed that and is currently processing a second CCC placement referral.

[6]      The failure to exhaust administrative remedies is an appropriate basis for dismissal of a petitioner for writ of habeas corpus.  See e.g., Gonzalez v. Perrill, 919 F.2d 1 (2d Cir. 1990); United States v. Brann, 990 F.2d 98, 1003-1004 (3d Cir. 1993); Lyons v. USM, 840 F.2d 202 (3d Cir. 1988); Veteto v. Miller, 794 F.2d 98 (3d Cir. 1986); Arias v. United States Parole Commission, 648 F.2d 196 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973). The policy reasons underlying the exhaustion doctrine in habeas cases is well analyzed in Arias:

> We adhere to the exhaustion doctrine for several reasons:
>        (1) judicial review may be facilitated by allowing the appropriate
> agency to develop a factual record and apply its expertise, (2) judicial
> time may be conserved because the agency might grant the relief
> sought, and (3) administrative autonomy requires that an agency be
> given an opportunity to correct its own errors.  United States ex rel.
> Marrero v. Warden, Lewisberg Penitentiary, 483 F.2d 656, 659 (3d
> Cir. 1973) rev'd on other grounds, 417 U.S. 653, 94 S.Ct. 2532, 41
> L.Ed. 2d 383 (1974).

Arias v. United States Parole Commission, 648 F.2d. 196 (3d Cir. 1981).
       For this reason, the Petition should be dismissed.  Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996).

writ of habeas corpus may be granted to a prisoner, inter alia, "in custody in violation of the

Constitution or laws or treaties of the United States." Id. § 2241(c)(3).  Section 2255 provides

that:

> [a federal prisoner] claiming the right to be released upon the ground that the
> sentence was imposed in violation of the Constitution or laws of the United States,
> or that the court was without jurisdiction to impose such sentence, or that the
> sentence was in excess of the maximum authorized by law, or is otherwise subject
> to collateral attack, may move the court in which the sentence was imposed to vacate, set aside, or correc

28 U.S.C. § 2255.

Petitioner does not claim that he is unlawfully in BOP custody.  Nor does he claim the

right to be released from that custody.  Likewise, he does not contend that his sentence was

imposed in violation of federal law or the Constitution, that the court lacked jurisdiction to

impose the sentence, or that his sentence exceeds the maximum authorized by law.  And, finally,

he does not argue – nor could he – that BOP lacks the authority to choose the facility in which he

will serve his term of imprisonment.  See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall

designate the place of the prisoner's imprisonment."); see also, e.g., United States v. Serafini,

233 F.3d 758, 778 n.23 ("A district court has no power to dictate or impose any place of

confinement for the imprisonment portion of the sentence."); accord United States v. Williams,

65 F.3d 301, 307 (2d Cir. 1995).  Cf. McKune v. Lile, 122 S. Ct. 2017, 2027 (2002) ("It is well

settled that the decision where to house inmates is at the core of prison administrators'

expertise.").

Rather, Petitioner's claim is that the BOP has denied his placement to a halfway house

due to a pending criminal charge and open warrant on a prior state case.  Because the BOP has

the discretion whether to house Petitioner in a CCC, Petitioner cannot establish that his

11

continued placement in a federal prison facility is "in violation of the Constitution or laws or treatises of the United States," as required for collateral relief. 28 U.S.C. § 2441(c)(3); see also 28 U.S.C. § 2255. In Petitioner's case, the Court sentenced him to a term of imprisonment and Petitioner's subjective expectation, no matter how reasonable, that he would be housed in a CCC does not entitle him to collateral relief under Sections 2241 or 2255.

It is well established that federal prisoners do not have a protected liberty interest in halfway house placement, and the BOP has complete and absolute discretion in the determination of halfway house placement. United States v. Laughlin, 933 F.2d 786 (9th Cir. 1991); United States v. Jalili, 925 F.2d 889 (6th Cir. 1991); Pugliese v. Nelson, 617 F.2d 916, 923-925 (2d Cir. 1980); 18 U.S.C. §§ 4081, 4082. See Fernandez-Collado v. INS, 644 F.Supp. 741 (D.Conn. 1986), aff'd, 857 F.2d 1461 (2d Cir. 1987); Freitas v. Ault, 109 F.3d 1335, 1337 (8th Cir. 1997). Cf. Paulino v. Connery, 766 F.Supp. 209 (S.D.N.Y. 1991). The BOP has discretion to determine whether an inmate is eligible for early release. Lopez v. Davis, 531 U.S. 714, 121 S.Ct 714 (2001); 18 U.S.C. § 3621(e)(2)((B).

Moreover, there is no right in the Constitution for an inmate to be assigned to a particular institution or program. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976); Young v. Quinlan, 960 F.2d 351, 358 n. 16 (3d Cir. 1992); Pugliese v. Nelson, 617 F.2d 916 (2d Cir. 1980); Lott v. Arroyo, 785 F.Supp. 508 (E.D.Pa. 1991) (Constitution does not confer on state inmate right to participate in pre-release program). In Moody v. Daggett, 429 U.S. 78 (1976), the Supreme Court addressed a challenge to the impact of a detainer on prison programming. The Court noted:

> We have rejected the notion that every state action carrying adverse consequences
> for prison inmates automatically activates a due process right. In Meachum v. Fano,

> 417 U.S. 215... (1976), for example, no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate. The same is true of prisoner classification and eligibility of rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. §4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process.

429 U.S. at 88 n.9. In Pugliese v. Nelson, 617 F.2d 916, 923-925 (2d Cir. 1980), the Second Circuit examined the statutes in effect in 1981 applicable to institutional placement and community programs, 18 U.S.C. §§ 4081 and 4082, and found that the statutes vested in the Attorney General "complete and absolute discretion with respect to the incarceration, classification, and segregation of lawfully convicted prisoners." 617 F.2d at 923. The authority of the Attorney General under these statutes has been delegated to the Federal BOP. 28 C.F.R. § 0.96.

Federal law provides for the placement of federal prisoners in non-prison sites such as halfway houses shortly before the conclusion of their sentences to allow the prisoners an opportunity to adjust to the community prior to their release. This "pre-release custody" is governed by 18 U.S.C. § 3624(c), which provides to the extent practicable that such placement will take place during the last ten percent of a prisoner's sentence, not to exceed six months.

Petitioner Colby now seeks pre-release CCC placement pursuant to Title 18, United States Code, § 3624(c), entitled "Pre-release Custody". Specifically, Petitioner seeks immediate assignment to a halfway house, "subject to availability and his good conduct..." See **Petition**, p.6. Petitioner's argument in this matter appears to rest on his complaints against the State of Maine and the District Attorney's Office in Lincoln, County. Petitioner is fully aware that this open charge and warrant on his prior state case has prevented his placement to a BOP

CCC placement. This was apparent in all of his Program Review Reports from January 2003 through November 2004. See **Documents K - O**.

While Petitioner acknowledges that any such CCC placement would be contingent upon availability and thus, that his arguments would need to be based on a statutory right to pre-release community custody, he fails to adhere to this. Although the statute appears to be mandatory, as asserted by the Petitioner, it is clear that the statute is actually permissive and that no such statutory right is found. Specifically, Title 18, U.S.C. §3624(c), states that:

> The Bureau of Prisons **shall, to the extent practicable, assure** that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

(Emphasis supplied.) It is clear that this statute gives the BOP the discretion to allow a prisoner to serve a portion of his sentence in a facility "that will afford the prisoner a reasonable opportunity to adjust to and prepare for his re-entry into the community." It does not require that a prisoner be afforded a period of time in such a facility or "that all prisoners participate in such a program, but only do so if practicable." United States v. Restrepo, 999 F.2d 640, 645 (2nd Cir.), cert denied, 510 U.S. 954 (1993). Nor does this statutory provision "mandate that all prisoners pass through a community treatment center en route to free society." United States v. Laughlin, 933 F.2d 786, 789 (9th Cir. 1991).

Under the present statutes, 18 U.S.C. §§3621 - 3624 (1987), the discretion to designate the place of incarceration (§ 3621) and to determine if a prisoner may participate in community programs (§§ 3622 and 3624(c) has been retained and specifically conferred in the BOP. United

States v. Laughlin, 933 F.2d 786 (9th Cir. 1991). The placement of an inmate in a halfway house

is an outgrowth of the Bureau's broad discretion of determining the location of incarceration.

United States v. Jalili, 925 F.2d 889 (6th Cir. 1991). The Bureau of Prisons is vested with broad

discretion in deciding whether a prisoner is to be assigned to a community program. See

Fernandez-Collado v. INS, 644 F.Supp. 741 (D.Conn. 1986), aff'd, 857 F.2d 1461 (2d Cir. 1987).

Cf. Paulino v. Connery, 766 F.Supp. 209 (S.D.N.Y. 1991).

The language of Section 3624(c) permits the Bureau of Prisons, "to the extent

practicable," place a prisoner in a halfway house; it does not mandate a CCC placement for any

prisoner. Additionally, the Bureau of Prisons has issued a program statement, which is an

internal agency guideline, for addressing pre-release community custody requests. Specifically,

Program Statement 7310.04, entitled Community Corrections Center (CCC) Utilization and

Transfer Procedures (December 16, 1998), addresses CCC referrals and procedures. See

**Document X**, PS 7310.04 Community Corrections Center (CCC) Utilization and Transfer

Procedure (in relevant part). This internal agency guideline, which is akin to an "interpretive

rule" that "does not require notice and comment,"  Shalala v. Guernsey Memorial Hospital, 514

U.S. 87, 99 (1995), is still entitled to some deference, cf. Martin v. Occupational Safety and

Health Review Comm's, 499 U.S. 144 (1991), since it is a "permissible construction of the

statute," Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843

(1984). See Reno v. Koray, 515 U.S. 50 (1995). In this case, the program statement is

permeated with discretionary language.

Within PS 7310.04, it clearly indicates that a limit on eligibility for a CCC referral is an

inmate with unresolved pending charges or detainers, which could lead to arrest, conviction, or

confinement.  <u>See</u> **Document X**, at pp. 10-11, Section 10(f).  It follows then, that Petitioner Colby would be denied a CCC placement because of the open probation violation and open warrant pending against him from the State of Maine, as that is within the discretion of the BOP to deny Petitioner pre-release CCC placement.

In the instant case, this is even more apparent due to the effort to resolve the detainer. Following the November 2004 removal of the detainer by the District Attorney, the BOP initiated an Institutional Referral for CCC Placement and recommended Petitioner for a placement to the Pharos House in Maine.  <u>See</u> **Document R**.  It was only after the effects of the open warrant became apparent (i.e., Petitioner's likely arrest and detention), that Petitioner's CCC placement was removed.  <u>See</u> **Documents T**.  Therefore, the BOP, through its continued effort to review Petitioner's case and communicate with the State of Maine on this open charge, had "to the extent practicable," considered him for pre-release placement initially.

Furthermore, following Petitioner's filing of this action and communications between the BOP and the DA in Maine, which resulted in the recision of the open warrant, the BOP again considered Petitioner for CCC placement "to the extent practicable."  Following notice to the BOP of the removal of the open warrant from Maine, Petitioner's Unit Team immediately initiated a reconsideration of Petitioner for a pre-release placement and processed a second Institutional Referral for CCC Placement.  <u>See</u> **Document Y**, September 2005 Institutional Referral for CCC Placement form.  As a result of this reconsideration, Petitioner is now approved for a pre-release CCC placement to the Pharos House in Portland, Maine, for October 11, 2005.  <u>See</u> **Document Z**, Inmate Profile.

Therefore, pursuant to the above, as Petitioner has no entitlement to CCC placement, no

protected liberty interests cognizable on federal habeas review has been implicated. Petitioner is not entitled to collateral relief through a habeas corpus petition as he does not claim that he is unlawfully in BOP custody, nor does he contend that his sentence was imposed in violation of federal law or the Constitution, that the court lacked jurisdiction to impose the sentence, or that his sentence exceeds the maximum authorized by law. Accordingly, Petitioner is not, as a matter of law, entitled to relief under § 2241 or § 2255. Finally, since the denial of pre-release community custody does not impose an "atypical and significant hardship on the [Petitioner] in relation to the ordinary incidents of prison life," Sandin v. Conner, 515 U.S. 472 (1995), no liberty interest is implicated.

It is clear that the BOP maintains the authority to determine the Petitioner's place of confinement; that the pre-release custody statute is not mandatory; that the BOP exercised its discretion in accordance with the statute and regulations which resulted in the removal of Petitioner's initial placement due to the open warrant; that the BOP again properly exercised its discretion and initiated a second consideration of Petitioner after the removal of the warrant, which resulted in a new CCC placement date; and regardless, Petitioner does not have a protected liberty interest at stake. For all of these reasons, the petition must be denied.

**C.    Petitioner's Claim is Moot.**

Petitioner's three requests for relief within this Petition pertain solely to the issue of his pending probation violation in the State of Maine on his prior state offense. Petitioner asks that this Court order the pending charge against him in the State of Maine be dismissed, that it order the outstanding warrant for his arrest on the pending state charge be rescinded, and that, subject to availability, the BOP reconsider him for a CCC placement. See **Petition**, p.6. Because of the

17

recent communication between the BOP and the District Attorney's Office in Lincoln County,

Maine, these issues have been resolved to the degree that there is no longer a case or controversy

before this Court.

The Constitution confines the federal courts' jurisdiction to those claims which embody

actual "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1.[7]  When a case is moot--that is,

when the issues presented are no longer live or when the parties lack a legally cognizable interest

in the outcome --a case or controversy ceases to exist, and dismissal of the action is compulsory.

See City of Erie v. Pap's A. M., 529 U.S. 277, 287 (2000); United States Parole Comm'n v.

Geraghty, 445 U.S. 388, 395-96 (1980); R.I. Ass'n of Realtors v. Whitehouse, 199 F.3d 26, 34

(1st Cir.1999).

The crux of Petitioner's complaint is that his pending state probation violation charge had

been continued numerous times and he alleges a violation of his state speedy trial rights.  See

**Petition**, pp.2, 4-6.  The basis for filing this federal habeas action appears to be that the result of

this open state charge and open warrant for his arrest is that the BOP has refused to place him in

a pre-release CCC placement at the Pharos House in Portland, Maine.  This CCC placement

appears to be the only federal issue on the face of this petition.  In light of Petitioner's situation,

and as a result of this issue first being brought to the attention fo the BOP through the filing of

this action, the BOP has contacted the Lincoln County District Attorney's Office and, as a result

of their cooperation in addressing Petitioner's situation, a motion was filed and granted on the

existing probation violation wherein the open warrant for Petitioner's arrest has been rescinded

---

[7]This requirement must be satisfied at each and every stage of the litigation.  Spencer v.
Kemna, 523 U.S. 1, 7 (1998).

and a summons to appear issued  instead.  As a result of this effort, Petitioner was again eligible

for CCC placement consideration.  FMC Devens immediately initiated a reconsideration of

Petitioner's CCC placement and processed an updated Institutional Referral for CCC placement.

See **Document Y**, September 2005 Institutional Referral for CCC Placement.  As a result of this

updated referral, Petitioner has now been approved for a pre-release placement to the Pharos

House in Portland, Maine, for October 11, 2005, a 30 day CCC placement.  See **Document Z**,

Inmate Profile.  Based upon this change in status, Petitioner has received  the relief which he

appears to have sought.[8]  As such, there is no longer a live case or controversy. The claim has

become moot. See, Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir.1987) ("By his section

2241 petition, Bailey seeks expungement of the disciplinary reports and restoration of the lost

statutory good time and of the meritorious good time that was withheld from August 1985. The

main thrust of Bailey's petition is to be released from his confinement. Because Bailey was

released in April 1986, however, this court can no longer provide him with that relief."); Zichko

v. Idaho, 247 F.3d 1015, 1019 (9th Cir.2001) ("The general rule concerning mootness has long

been that a petition for habeas corpus becomes moot when a prisoner completes his sentence

before the court has addressed the merits of his petition.") (citation omitted).  See also, generally,

County of Los Angeles v. Davis, 440 U.S. 625, 631-34 (1979); Powell v. McCormack, 395 U.S.

486, 496-97 (1969); Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir.2001); Thomas R.W. v.

Mass. Dep't of Educ., 130 F.3d 477, 479 (1st Cir.1997).

---

[8]Although there remains to be the issue of having the probation violation charge completely
dismissed, it is not within the jurisdiction of this Court to grant such relief on an open state case.

**IV. Conclusion**

As fully detailed *supra*, the Petition should be dismissed based upon Petitioner Colby's failure to exhaust his administrative remedies and on mootness of the issues, or in the alternative, if this Court were to reach the merits, as a matter of law he was not entitled to a pre-release CCC placement because the BOP has the discretion and is within policy to deny Petitioner a placement. Because of the foregoing, Respondent requests that this Court dismiss the instant Petition pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, or, in the alternative, pursuant to Fed. R. Civ. P. 56 for judgment as a matter of law.

Respectfully submitted,

DEFENDANT DAVID WINN,
WARDEN, FMC DEVENS,

By his attorney,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Gina Y. Walcott-Torres
       Gina Y. Walcott-Torres
       Assistant United States Attorney
       John Joseph Moakley U.S. Courthouse
       One Courthouse Way, Suite 9200
       Boston, Mass. 02110
       617-748-3369

20

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY COLBY,<br>　　　Petitioner,<br><br>　　　v.<br><br>DAVID WINN, Warden<br>　　　Respondent. | )<br>)<br>)<br>)　　C.A. No. 05-40124-NG<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF PATRICK W. WARD

I, Patrick Ward, hereby make the following declaration:

1.　I am employed by the United States Department of Justice, Federal Bureau of Prisons, at the Federal Medical Center in Devens, Massachusetts (FMC Devens), as an Attorney Advisor. The legal office, from which I am located, is the Consolidated Legal Center - Devens. I have been employed at this position since approximately March 24, 2002.

2.　As an Attorney Advisor, I have access to numerous records maintained in the ordinary course of business at FMC Devens, as well as other institutions, regarding federal prisoners, including, but not limited to, documentary records, Judgment and Commitment files, and computerized records maintained on the Bureau of Prisons computerized data base, SENTRY.

3.　I have access to the various databases and files concerning administrative remedy claims filed pursuant to the Administrative Remedy Program, which are maintained by the Bureau of Prisons in the ordinary course of business. In particular, I have access to SENTRY, which maintains a record of all of the administrative remedies filed by an inmate, the dates thereof, and the dispositions. These records reflect every administrative remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal institution of the Bureau of Prisons.

4.　All Administrative Remedy Requests filed by Bureau of Prisons inmates are logged into the Bureau's SENTRY database. I can retrieve information from this database which details the requests that each inmate has filed.

5.　The Bureau of Prisons has established an administrative remedy procedure whereby inmates can seek formal review of any complaint regarding any aspect of their imprisonment. Petitioner had available to him the four step procedures set forth in the BOP's Administrative Remedy Program. See 28 C.F.R. § 542. The BOP regulations provide "a process through which inmates may seek formal review of an issue which relates to any aspect of their

confinement... if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. In accordance with the BOP's Administrative Remedy Program, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. See 28 C.F.R. § 54213(a). If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14(a). If the inmate's formal request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BOP, within twenty calendar days of the date of the Warden signed the response. 28 C.F.R. § 542.15(a). A negative decision from the Regional Director may in turn be appealed to the General Counsel's office (in the Central Office) within thirty calendar days of the date the Regional Director signed the response. Id. No administrative remedy appeal is considered to have been fully exhausted until considered by the Bureau of Prisons' Central Office. 28 C.F.R. §§ 542.14-542.15. This Program is available to inmates confined at the Federal Medical Center in Devens and would include any issues surrounding pre-release CCC placement determinations.

6.    On September 12, 2005, I ran a SENTRY search to determine if inmate Barry Clark Colby, Reg. No. 03901-036, had filed any Administrative Remedies. A review of his Administrative Remedy Record revealed that he has failed to utilize the administrative remedy process to file any remedy submission on the issues presented in this Petition or any other matter. He has thus failed to exhaust the administrative remedy process by filing this habeas petition prior to filing his administrative remedies. A true and accurate copy of the Administrative Remedy Generalized Retrieval for Petitioner Barry Clark Colby is attached as **Document C**.

7.    In an attempt to investigate Petitioner's claims after receipt of this Petition, I contacted District Attorney Rushlau in Lincoln County, Maine to discuss the status of the pending probation violation and open warrant on Lincoln County Superior Court Criminal Action Docket Number 87-481. District Attorney Rushlau was more than cooperative with resolving the issue of the open warrant and on or about August 29, 2005, filed a "Motion To Recall Arrest Warrant And Issue Summons" on Petitioner's pending Lincoln County case. A true and accurate copy of the August 2005 Motion to Recall Arrest Warrant is attached as **Document V**. Subsequently, on or about August 31, 2005, the Court Granted that motion, which recalled the warrant and issued a summons for Petitioner to appear in Lincoln County Superior Court on December 1, 2005 at 8:30 am.

8.    Following the removal of the open warrant, Petitioner's Unit Team was then able to reconsider him for a pre-release placement and subsequently processed a second Institutional Referral for CCC Placement. A true and accurate copy of the September 2005 Institutional Referral for CCC Placement is attached as **Document Y**. Based upon this new referral, Petitioner has now been approved for a pre-release placement to the Pharos House in Portland, Maine for October 11, 2005, a 30 day CCC placement. A true and accurate copy of Petitioner's Inmate Profile is attached as **Document Z**.

9.  Attached hereto as exhibits, please find true and correct copies of the following documents relating to Petitioner Barry Clark Colby, Reg. No. 03901-036:

    A.    Sentence Monitoring Computation Data;
    B.    Judgment and Commitment Order;
    C.    Administrative Remedy History;
    D.    Inmate Admission / Release History;
    E.    June 15, 2000 Detainer Action Letter;
    F.    July 27, 2000 Detainer Action Letter;
    G.    January 14, 2002 Detainer Action Letter;
    H.    February 13, 2002 Maine Department of Corrections Request for Detainer;
    I.    August 1999 Warrant of Arrest;
    J.    February 19, 2002 Detainer Action Letter;
    K.    January 2003 Program Review Report;
    L.    July 2003 Program Review Report;
    M.    January 2004 Program Review Report;
    N.    June 2004 Program Review Report;
    O.    November 2004 Program Review Report;
    P.    November 22, 2004 Detainer Withdrawal Request Letter;
    Q.    December 17, 2004 Detainer Action Letter;
    R.    February 2005 Institutional Referral for CCC Placement;
    S.    April 2005 Transfer Order;
    T.    May 2005 Pharos House / Community Correction Office E-mails;
    U.    May 2005 Daily Log / CCC Rescinded;
    V.    August 2005 Motion To Recall Warrant;
    W.    September 2005 Summons;
    X.    Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure (relevant part);
    Y.    September 2005 Institutional Referral for CCC Placement;
    Z.    Inmate Profile.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 19th day of September, 2005

Patrick W. Ward
Attorney Advisor
Consolidated Legal Center-Devens

-3-

Exhibit A

```
   DEVEN   540*23 *           SENTENCE MONITORING           *    09-12-2005
PAGE 001          *           COMPUTATION DATA              *    09:51:20
                              AS OF 09-12-2005

REGNO..: 03901-036 NAME: COLBY, BARRY CLARK


FBI NO...........: 865697G            DATE OF BIRTH: 03-22-1950
ARS1.............: DEV/A-DES
UNIT.............: J CC               QUARTERS.....: J01-126U
DETAINERS........: NO                 NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 05-10-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  11-10-2005 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: MAINE
DOCKET NUMBER...................: 00-CR-14-P-H
JUDGE..........................: HORNBY
DATE SENTENCED/PROBATION IMPOSED: 04-24-2000
DATE COMMITTED..................: 06-01-2000
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  381
OFF/CHG: 21:841(A)(1) & 841(B)(1)(B) POSS WITD COCAINE BASE (CT 1).

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   80 MONTHS
  TERM OF SUPERVISION............:    5 YEARS
  DATE OF OFFENSE................: 01-20-2000




G0002      MORE PAGES TO FOLLOW . . .
```

```
   DEVEN   540*23 *            SENTENCE MONITORING          *      09-12-2005
PAGE 002 OF 002 *            COMPUTATION DATA            *      09:51:20
                             AS OF 09-12-2005

REGNO..: 03901-036 NAME: COLBY, BARRY CLARK


------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 06-13-2000 AT RBK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 04-24-2000
TOTAL TERM IN EFFECT............:    80 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     6 YEARS      8 MONTHS
EARLIEST DATE OF OFFENSE........: 01-20-2000

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    01-20-2000    04-23-2000

TOTAL PRIOR CREDIT TIME.........: 95
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 313
TOTAL GCT EARNED................: 270
STATUTORY RELEASE DATE PROJECTED: 11-10-2005
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 09-19-2006


PROJECTED SATISFACTION DATE.....: 11-10-2005
PROJECTED SATISFACTION METHOD...: GCT REL
```

S0055     NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

Exhibit B

# United States District Court

### District of Maine

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | (For Offenses Committed On or After November 1, 1987) |
| V. | Case Number: 00-CR-14-P-H |
| BARRY CLARK COLBY | Entered on Docket: |
| | JOSEPH H. GROFF III ESQ |
| | Defendant's Attorney |

U.S. DISTRICT COURT
PORTLAND, MAINE

DEPUTY CLERK
4-24-2000

## THE DEFENDANT:

☒ pleaded guilty to count(s) ONE (Information)
☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.
☐ was found guilty on count(s) _____
    after a plea of not guilty.
☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C § 841 (a)(1) and 841 (b)(1)(B) | Possession with Intent to Distribute Cocaine Base | 1/20/2000 | One |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 03/22/1950

Defendant's USM No.: 03901-036

Defendant's Residence Address:
Cumberland County Jail
50 County Way
Portland ME 04102

Defendant's Mailing Address:
_____
_____
_____

A TRUE COPY
ATTEST: William S. Brownell,
By: _____ Deputy Clerk

April 24, 2000
Date of Imposition

_____
Signature of Judicial Officer

D. Brock Hornby, United States District Judge
Name & Title of Judicial Officer

April 24, 2000
Date

DEFENDANT:    Barry Clark Colby                                    Judgment-Page 2 of 7
CASE NUMBER:   00-CR-14-P-H

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___Eighty (80) months_____.

The defendant shall receive credit for time spent in presentence detention.

☒   The cost of incarceration fee is waived.

    The court makes the following recommendations to the Bureau of Prisons:  That the defendant be enrolled in the 500 Hour Intensive Drug Treatment Program.

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district,
      ☐ at _____ a.m./p.m. on _____.
      ☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
      ☐ before 2 p.m. on _____.
      ☐ as notified by the United States Marshal.
      ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

    I have executed this judgment as follows:

_____
_____
_____
_____

    Defendant delivered on _6/1/00_ to _FCI, Ray Brook_____
at _Ray Brook, NY_____, with a certified copy of this judgment.

                              John Nash, Warden
                            United States Marshal
             By _Debbie Lichtenwalter___
                          Deputy Marshal

DEFENDANT:     Barry Clark Colby                                                    Judgment-Page 3 of 7
CASE NUMBER:   00-CR-14-P-II

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _FIVE (5) Years_          .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      Barry Clark Colby                                    Judgment-Page 4 of 7
CASE NUMBER:   00-CR-14-P-H

## ADDITIONAL SUPERVISED RELEASE TERMS

1)   Defendant shall not use or possess any controlled substances or intoxicants; and shall participate in a program of
     drug and alcohol abuse therapy to the satisfaction of the supervising officer. This may include testing to determine
     if the defendant has mad use of drugs or intoxicants.  Defendant shall pay-co-pay for services provided during the
     course of such treatment, to the supervising officer's satisfaction;

2)   Defendant shall actively seek or maintain employment for compensation to the satisfaction of his supervising
     officer; and

3)   Defendant shall have no communication or contact with co-defendant Bruce Carmichael.

DEFENDANT:    Barry Clark Colby                          Judgment-Page 5 of 7
CASE NUMBER:    00-CR-14-P-H

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| COUNT 1 | $100.00 | $0.00 | $0.00 |
| **Totals:** | $100.00 | $0.00 | $0.00 |

If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .   $_____

### FINE

☒   The court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

☐   The above fine includes costs of incarceration and/or supervision in the amount of $0.00 _____.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐   The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐   The interest requirement is waived.
     ☐   The interest requirement is modified as follows:

### RESTITUTION

☐   The defendant shall make restitution to the following payees in the amounts listed below.

☐   The interest requirement is waived.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
| **Totals:** _____ | _____ | _____ | _____ |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:     Barry Clark Colby                                    Judgment-Page 6 of 7
CASE NUMBER:   00-CV-14-P-H

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment

Payment of the total fine and other criminal monetary penalties shall be due as follows:

☒   in full immediately.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed

Special instructions regarding the payment of criminal monetary penalties:

## FORFEITURE

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (Rev. 8/96) Sheet 6 - Statement of Reasons

DEFENDANT:    Barry Clark Colby                                           Judgment-Page 7 of 7

CASE NUMBER:  00-CR-14-P-H

## STATEMENT OF REASONS

☒  The court adopts the factual findings and guideline application in the presentence report.

See also attached transcript portion (Exhibit A) which is incorporated by reference.

OR

☐  The court adopts the factual findings and guideline application in the presentence report except
(see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: _____ 29 ___ ____

Criminal History Category: _____ III _____

Imprisonment Range: _108__ to _135__ months

Supervised Release Range:_3 ___ to _5_ years

Fine Range: $15,000.00 ____ to $2,000.000.00 ___

☒   Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ N/A _____

☐  The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no
reason to depart from the sentence called for by application of the guidelines.

**OR**

☐  The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the
following reason(s):

**OR**

☒  The sentence departs from the guideline range:

   ☒   upon motion of the government, as a result of defendant's substantial assistance.

   ☐   for the following specific reason(s):

**Exhibit C**

Case 4:05-cv-40124-NG    Document 6-3    Filed 10/17/2005    Page 13 of 29

```
      FUNCTION: LST SCOPE: REG    EQ 03901-036    OUTPUT FORMAT: FULL
------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____    DT STS: FROM _____ THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: _____ _____ _____ _____ _____ _____ _____ _____ _____
EXTENDED: _ REMEDY LEVEL: _ _          RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____    ____    ____    ____    ____    ____
TRACK:  DEPT: _____ _____ _____ _____ _____ _____
       PERSON: ____    ____    ____    ____    ____    ____
         TYPE: ____    ____    ____    ____    ____    ____
EVNT FACL: EQ ____    ____    ____    ____    ____    ____
RCV FACL.: EQ ____    ____    ____    ____    ____    ____
RCV UN/LC: EQ _____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ ____    ____    ____    ____    ____    ____
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____
```

G5152       NO REMEDY DATA EXISTS FOR THIS INMATE

**Exhibit D**

```
REG NO..: 03901-036 NAME....: COLBY, BARRY CLARK
CATEGORY: ARS        FUNCTION: DIS        FORMAT:

FCL    ASSIGNMENT DESCRIPTION                     START DATE/TIME STOP  DATE/TIME
DEV    A-DES       DESIGNATED, AT ASSIGNED FACIL  01-12-2005 0846 CURRENT
DEV    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   01-12-2005 0613 01-12-2005 0846
DEV    A-DES       DESIGNATED, AT ASSIGNED FACIL  12-10-2004 1303 01-12-2005 0613
DEV    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   12-10-2004 0905 12-10-2004 1303
DEV    A-DES       DESIGNATED, AT ASSIGNED FACIL  11-17-2004 1052 12-10-2004 0905
DEV    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   11-16-2004 1156 11-17-2004 1052
DEV    A-DES       DESIGNATED, AT ASSIGNED FACIL  07-09-2004 1313 11-16-2004 1156
DEV    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   07-09-2004 0610 07-09-2004 1313
DEV    A-DES       DESIGNATED, AT ASSIGNED FACIL  06-01-2004 1128 07-09-2004 0610
DEV    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   06-01-2004 0634 06-01-2004 1128
DEV    A-DES       DESIGNATED, AT ASSIGNED FACIL  11-14-2003 0953 06-01-2004 0634
DEV    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   11-14-2003 0710 11-14-2003 0953
DEV    A-DES       DESIGNATED, AT ASSIGNED FACIL  10-17-2003 1205 11-14-2003 0710
DEV    LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   10-17-2003 0725 10-17-2003 1205


G0002        MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40124-NG     Document 6-3     Filed 10/17/2005     Page 16 of 20

```
  REG NO..: 03901-036 NAME....: COLBY, BARRY CLARK
  CATEGORY: ARS          FUNCTION: DIS          FORMAT:

FCL     ASSIGNMENT  DESCRIPTION                   START DATE/TIME STOP   DATE/TIME
DEV     A-DES       DESIGNATED, AT ASSIGNED FACIL 10-23-2002 1128 10-17-2003 0725
DEV     LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN 10-23-2002 0909 10-23-2002 1128
DEV     A-DES       DESIGNATED, AT ASSIGNED FACIL 01-10-2002 2029 10-23-2002 0909
S13     RELEASE     RELEASED FROM IN-TRANSIT FACL 01-10-2002 2029 01-10-2002 2029
S13     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 01-10-2002 1440 01-10-2002 2029
RBK     TRANSFER    TRANSFER                      01-10-2002 1440 01-10-2002 1440
RBK     A-DES       DESIGNATED, AT ASSIGNED FACIL 06-01-2000 1315 01-10-2002 1440
S13     RELEASE     RELEASED FROM IN-TRANSIT FACL 06-01-2000 1315 06-01-2000 1315
S13     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 06-01-2000 0536 06-01-2000 1315
LEW     HLD REMOVE  HOLDOVER REMOVED              06-01-2000 0536 06-01-2000 0536
LEW     A-HLD       HOLDOVER, TEMPORARILY HOUSED  05-11-2000 1314 06-01-2000 0536
B01     RELEASE     RELEASED FROM IN-TRANSIT FACL 05-11-2000 1314 05-11-2000 1314
B01     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 05-11-2000 0945 05-11-2000 1314
OTV     HLD REMOVE  HOLDOVER REMOVED              05-11-2000 0945 05-11-2000 0945


G0002          MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40124-NG Document 6-3 Filed 10/17/2005 Page 17 of 29

REG NO..: 03901-036 NAME....: COLBY, BARRY CLARK
 CATEGORY: ARS FUNCTION: DIS FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|-----------------|----------------|
| OTV | A-HLD | HOLDOVER, TEMPORARILY HOUSED | 05-03-2000 1505 | 05-11-2000 0945 |
| O-P | RELEASE | RELEASED FROM IN-TRANSIT FACL | 05-03-2000 1505 | 05-03-2000 1505 |
| O-P | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 05-01-2000 1246 | 05-03-2000 1505 |
| CBN | ADMIN REL | ADMINISTRATIVE RELEASE | 05-01-2000 1246 | 05-01-2000 1246 |
| CBN | A-ADMIN | ADMINISTRATIVE ADMISSION | 05-01-2000 1243 | 05-01-2000 1246 |

G0005 TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

**Exhibit E**

BP-S394.058  **DETAINER  'T:  LETTER** CDFRM
FEB 94
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| **To:** Division of Probation & Parole<br>State House Station #111<br>Augusta, ME 04333 | **Institution:**<br><br>FCI, Ray Brook, New York |
|---|---|
| | **Date:** June 15, 2000 |

| **Re:**<br>Probation Violation | **Inmate's Name:**<br>COLBY, Barry Clark | **Register No.:**<br>03901-036 (GEN B) |
|---|---|---|

DOB: 03-22-1950

The below checked paragraph relates to the above named inmate:

**XXX**    **This office is in receipt of the following report: Federal Presentence Report indicates this inmate was on probation for 4 years under docket #87-481 in Licoln County Superior Court in Wiscasset, ME when he committed federal offense. Will you please investigate this and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer, or indicate you have no further interest in subject. His projected release date is scheduled for 11/10/2005.**

☐    A detainer has been filed against this subject in your favor charging_____
       _____. Release is tentatively scheduled for _____,
       however, we will again notify you approximately 60 days prior to actual release.    ___  ___  ___ ____

☐    Enclosed is your detainer warrant. Your detainer against the above named has been removed in compliance with your request.

☐    Your detainer warrant has been removed on the basis of the attached _____.
       Notify this office immediately if you do not concur with this action.

☐    Your letter dated_____requests notification prior to the release of the above named
       prisoner. Our records have been noted. Tentative release date at this time is_____.

☐    I am returning your _____ on the above named inmate who was committed to this
       institution on _____ to serve_____for the offense of
       _____. If you wish your
       _____ filed as a detainer, please return it to us with a cover
       letter stating your desire to have it placed as a hold or indicate you have no further interest in the subject.

☐    The above named inmate has been transferred to _____. Your
       detainer/notification request has been forwarded.

☐    Other:

                                        Sincerely
                                        _James Cochran_, LIE
                                        for Inmate Systems Manager

2 Signed Record Copies - 1 Addressee, 1 - Judgment & Commitment File; Copy - Inmate; Copy - Central File (Section l);
Copy - Correctional Services Department

(This form may be reproduced via WP)                    (Replaces BP-394(58) dtd October 1988)

**Exhibit F**

BP-S394.058    DETAINER    LETTER CDFRM
FEB 94
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| To: Division of Probation & Parole State House Station #111 Augusta, ME 04333 | Institution: FCI, Ray Brook, New York |
|---|---|
| | Date: June 15, 2000 |

| Re: Probation Violation | Inmate's Name: COLBY, Barry Clark | Register No.: 03901-036 (GEN B) |
|---|---|---|

DOB: 03-22-1950

The below checked paragraph relates to the above named inmate:    SECOND ATTEMPT 7/27/00

**XXX**    **This office is in receipt of the following report: Federal Presentence Report indicates this inmate was on probation for 4 years under docket #87-481 in Licoln County Superior Court in Wiscasset, ME when he committed federal offense. Will you please investigate this and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer, or indicate you have no further interest in subject. His projected release date is scheduled for 11/10/2005.**

☐    A detainer has been filed against this subject in your favor charging_____
_____. Release is tentatively scheduled for _____,
however, we will again notify you approximately 60 days prior to actual release.

☐    Enclosed is your detainer warrant. Your detainer against the above named has been removed in compliance with your request.

☐    Your detainer warrant has been removed on the basis of the attached _____.
Notify this office immediately if you do not concur with this action.

☐    Your letter dated_____requests notification prior to the release of the above named prisoner. Our records have been noted. Tentative release date at this time is_____.

☐    I am returning your _____ on the above named inmate who was committed to this institution on _____ to serve_____for the offense of
_____. If you wish your
_____ filed as a detainer, please return it to us with a cover letter stating your desire to have it placed as a hold or indicate you have no further interest in the subject.

☐    The above named inmate has been transferred to _____. Your detainer/notification request has been forwarded.

☐    Other:

Sincerely

*[signature]* LIE
James Cochran
for Inmate Systems Manager

2 Signed Record Copies - 1 Addressee, 1 - Judgment & Commitment File; Copy - Inmate; Copy - Central File (Section l);
Copy - Correctional Services Department

(This form may be reproduced via WP)                    (Replaces BP-394(58) dtd October 1988)

**Exhibit G**

BP-S394.058  DETAINER A  IC  LTTER CDFRM
FEB 94

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| To: | Institution FMC Devens – ISM Dept. |
|---|---|
| Division of Probation & Parole | P.O. Box 880 |
| State House Station #111 | Ayer, MA 01432 |
| Augusta, ME 04333 | |
| | Date 1/14/02 |

RE: **Probation Violation**        Inmate's Name              Register No.

                              **Colby, Barry**                  **03901-036**

The below checked paragraph relates to the above named inmate:

X    **This office is in receipt of the following report: Federal Presentence Report**
     **indicates this inmate was on probation for 4 years under Dkt. #87-481 in Lincoln**
     **County Superior Court in Wixcasset, ME when he committed federal offense.**

X    **Will you please investigate this report and advise what disposition, if any, has**
     **been made of the case.  If subject is wanted by your department and you wish a**
     **detainer placed, it will be necessary for you to forward a certified copy of your**
     **warrant to us along with a cover letter stating your desire to have it lodged as a**
     **detainer, or indicate you have no further interest in subject.**

     A detainer has been filed against the subject in your favor charging             .
     Release is tentatively scheduled for        .  However, we will again notify you
     approximately 60 days prior to actual release.

     Enclosed is your detainer warrant.  Your detainer against the above named has been
     removed in compliance with your request.

     Your detainer warrant has been removed on the basis of the attached.  Notify this
     office immediately if you do not concur with this action.

     Your letter dated        requests notification prior to the release of the above
     named prisoner.  Our records have been noted.  Tentative release date is .

     The above inmate has been transferred to            .  Your notification request has
     been forwarded.

X    Other: DOB: 3/22/50
           FBI: 865697G
           SID:
                              Sincerely

                              Mr. A. Amico    FOR
                              Stephen D. Gagnon, Inmate Systems Manager

2 Signed Record Copies - 1 Addressee. 1 - Judgment & Commitment File: Copy - Inmate: Copy - Central File (Section 1):
Copy - Correctional Services Department Copy - 30 Day Suspense

Sensitive Limited Official Use Only

**Exhibit H**



STATE OF MAINE
DEPARTMENT OF CORRECTIONS
DIVISION OF ADULT SERVICES, REGION 1
657 CONGRESS STREET
PORTLAND, MAINE 04101
TEL. (207) 822-0806

MARTIN A. MAGNUSSON
COMMISSIONER

MICHAEL K. ROACH
REGIONAL ADMINISTRATOR

ANGUS S. KING, JR.
GOVERNOR

February 13, 2002

Stephen D. Gagnon
Inmate Systems Manager
FMC Devens - ISM Dept.
P.O. Box 880
Ayer, MA. 01432-0880

RE: Barry C. Colby
     Register No. 03901-036
     DOB: 03/22/50

Dear Mr. Gagnon:

    Please find enclosed an attested copy of a Warrant of Arrest for Mr. Colby. I wish to have this lodged as a detainer upon Mr. Colby.

    We would appreciate at least three weeks notice before subject's release date in order for us to make arrangements to transport him back to Maine.

    Thank you in advance and please do not hesitate to call if any questions arise.

Sincerely,

Michael K. Roach
Regional Correctional Administrator

MKR/p
encl.

**Exhibit I**

# STATE OF MAINE

SUPERIOR COURT

Lincoln_____ , ss.

Docket No. RR-87-481_____

~~DISTRICT COURT~~

Location _____

Docket No. _____

STATE OF MAINE

v.

BARRY C. COLBY_____

218 Park Avenue_____

Portland  Maine_____

_____ D.O.B.__03/22/50_____

Defendant's Name, Address, County

## WARRANT OF ARREST
- ☐ COMPLAINT, INDICTMENT
- ☐ FAILURE TO APPEAR FOR
  - ☐ ARRAIGNMENT
  - ☐ HEARING
- ☒ VIOLATION OF PROBATION
- ☐ UNPAID FINE/FEES, ETC.

Height_____5'8"_____

Weight_____150_____

Eye_____Brown_____

Hair_____Lt Brown_____

Race_____White_____

Sex _____Male_____

Investigative Department _Probation & Parole_

Enforcement ID # _____

## TO ANY AUTHORIZED LAW ENFORCEMENT OFFICER:
## YOU ARE HEREBY COMMANDED: to arrest the defendant and

☐ bring the defendant without unnecessary delay before the above entitled court to answer to a charge of

_____

Class _____, in violation of Title(s) _____, M.R.S.A.

§§ _____.

☒ commit the defendant to the county jail pending a preliminary hearing on an alleged violation of the conditions of probation as provided by 17-A, M.R.S.A. §§ 1205(4), 1206(3). (If not bailed, preliminary hearing shall be held not later than the third day after arrest, exclusive of weekends and holidays).

☐ bring the defendant before this court so that the defendant may show cause why a sentence of imprisonment should not be imposed for nonpayment. The defendant was ordered to pay the sum of $_____ for (fine and surcharges or assessments) (counsel fees) (restitution) (jail fees) to the clerk of courts and the defendant has defaulted in the payment of the obligation or in the payment of installments of the obligation.

Bail Commissioner to set bail   *(Except for Probation Revocation, Violation of Bail, Fugitive from Justice)* unless fixed by court as follows:

☒ NO BAIL ALLOWED                         ☐ Personal Recognizance

☐ $_____ cash              ☐ $_____ unsecured

☐ $_____ with _____ surety (ies) or $_____ cash

Conditions of Bail: _____

_____

Date: _August 30, 1999___          _Sharon Simpson_

                              ~~(Justice)(Judge)~~ (Clerk) ~~(Justice of the Peace)~~

I arrested the defendant on _____ and now have the defendant before the court as commanded.

Date: _____          _____

A TRUE COPY                  _____ Authorized Officer

CR-073, Rev. 11/96          ATTEST: _____

                              CLERK / ASSGD.

                              LINCOLN _____

**Exhibit J**

BP-S394.058    **DETAINER ACTION LETTER** CDFRM
FEB 94
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| To:<br>Maine Department of Corrections<br>ATT: Michael K. Roach<br>657 Congress St.<br>Portland, ME 04101 | Institution FMC Devens - ISM Dept.<br>P.O. Box 880<br>Ayer, MA 01432 |
|---|---|
| | Date 2/19/02 |

RE: **Detainer Lodged**          Inmate's Name              Register No.

                              **Colby, Barry**                **03901-036**

The below checked paragraph relates to the above named inmate:

    This office is in receipt of the following report:
Will you please investigate this report and advise what disposition, if any, has
been made of the case.  If subject is wanted by your department and you wish a
detainer placed, it will be necessary for you to forward a certified copy of your
warrant to us along with a cover letter stating your desire to have it lodged as a
detainer, or indicate you have no further interest in subject.

X    **A detainer has been filed against the subject in your favor charging V.O.P..**
**Release is tentatively scheduled for 11/10/05.  However, we will again notify you**
**approximately 60 days prior to actual release.**

    Enclosed is your detainer warrant.  Your detainer against the above named has been
removed in compliance with your request.

    Your detainer warrant has been removed on the basis of the attached.  Notify this
office immediately if you do not concur with this action.

    Your letter dated              Requests notification prior to the release of the
above named prisoner.  Our records have been noted.  Tentative release date is

X    **Other: DOB: 3/22/50**
        **FBI: 865697G**

                          Sincerely _G. Amico_

                          Mr. A. Amico    FOR
                          Stephen D. Gagnon, Inmate Systems Manager

2 Signed Record Copies - 1 Addressee. 1 - Judgment & Commitment File: Copy - Inmate: Copy - Central File (Section 1):
Copy - Correctional Services Department Copy - 30-Day Suspense

Exhibit K

```
DEVAU          *        PROGRAM REVIEW REPORT          *        01-25-2003
PAGE 001                                                        10:22:01

INSTITUTION: DEV  DEVENS FMC

NAME.......: COLBY, BARRY CLARK                 REG. NO: 03901-036
RESIDENCE..: PORTLAND, ME 04101

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....:       1/16/03

PROJ. RELEASE DATE..: 11-10-2005        RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE              HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW:    1/04         DETAINERS (Y/N): Y

CIM STATUS (Y/N)....: N          IF YES, RECONCILED (Y/N):  N/A

PENDING CHARGES.....: Detainer Maine DOC Probation violation

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)...... yes
    IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE
```

| CATEGORY | - - - - - - | CURRENT ASSIGNMENT - - - - - - - | EFF DATE | TIME |
|---|---|---|---|---|
| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 06-01-2003 | 1840 |
| CMA | RPP PART | RELEASE PREP PGM PARTICIPATES | 01-23-2003 | 1051 |
| CMA | V94 CDA913 | V94 CURR DRG TRAF ON/AFT 91394 | 06-07-2000 | 1845 |
| CMA | V94 PV | V94 PAST VIOLENCE | 06-07-2000 | 1845 |
| CUS | IN | IN CUSTODY | 05-02-2000 | 1222 |
| DRG | DRG E COMP | DRUG EDUCATION COMPLETED | 08-29-2000 | 0836 |
| DRG | DRG I RQ J | DRG INTRV REQD: JUD RECOMMEND | 06-07-2000 | 1840 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 06-12-2000 | 0001 |
| EDI | GED HAS | COMPLETED GED OR HS DIPLOMA | 06-12-2000 | 0001 |
| FRP | COMPLT | FINANC RESP-COMPLETED | 04-02-2001 | 1131 |
| LEV | LOW | SECURITY CLASSIFICATION LOW | 12-10-2001 | 0939 |
| MDS | NO F/S | NO FOOD SERVICE WORK | 06-07-2000 | 1429 |
| MDS | REG DUTY W | REGULAR DUTY W/MED RESTRICTION | 01-15-2002 | 1413 |
| MDS | SOFT SHOES | SOFT SHOES ONLY | 02-26-2002 | 1200 |
| QTR | J03-307U | HOUSE J/RANGE 03/BED 307U | 10-23-2002 | 1128 |
| RLG | PROTESTANT | PROTESTANT | 06-07-2000 | 1853 |
| WRK | J UNIT ORD | J UNIT ORDERLY | 12-11-2002 | 0001 |

```
WORK PERFORMANCE RATING: Received recomendations as Junit
Orderly & CCSPM.

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: None.


FRP PLAN/PROGRESS: Completed 100.00 felon assessment
last 6 mos. 51.56    current Bal $1.93

RELEASE PREPARATION PARTICIPATION: Encouraged to participate, but
could be exempt due to detainer. Completed
Personal Growth & Health; Nutrition. Needs four
Classes


DEVAU          *        PROGRAM REVIEW REPORT          *        01-25-2003
```

PAGE 002                                                    10:22:01

CCC RECOMMENDATION: _will be denied due to detainer._

PROGRESS MADE SINCE LAST REVIEW: _Clear conduct, completed Exploratory Computer Application. become first orderly. good evaluation_

GOALS FOR NEXT PROGRAM REVIEW MEETING: _Clear conduct, complete Advanced Computer class when available. complete Additional file of choice (Small Business) collects good evaluation. → possibly Medically discharged._

LONG TERM GOALS: _Maintain level, Commenced dés, complete schooling program if interested. does not qualify. develop release plan_

OTHER INMATE REQUESTS/TEAM ACTIONS: _Reviewed UD? yos updated Custody Classification_

_No Questions_

DEVAU           *        PROGRAM REVIEW REPORT        *    01-25-2003
PAGE 003 OF 003                                              10:22:01

SIGNATURES:

UNIT MANAGER: _____    INMATE: _____

DATE: ___1/29/03___    DATE: ___1/29/03___

**Exhibit L**

```
 DEVBE          ·        PROGRAM REVIEW REPORT          ·        07-05-2003
 PAGE 001                                                       10:53:58
```

INSTITUTION: DEV  DEVENS FMC

NAME........: COLBY, BARRY CLARK                 REG. NO: 03901-036
RESIDENCE...: PORTLAND, ME 04101

TYPE OF REVIEW......: ~~INITIAL CLASSIFICATION/PROGRAM REVIEW~~
NEXT REVIEW DATE....:  _12/29/03_

PROJ. RELEASE DATE..: 11-10-2005         RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE               HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW:  _1/03_     DETAINERS (Y/N): Y

CIM STATUS (Y/N)....: N          IF YES, RECONCILED (Y/N):  _N/A_

PENDING CHARGES.....:  _Detainer Maine DOC Probation violation_

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)....:  _yes_
   IF YES - CIRCLE ONE - DRUG TRAFFICKING/~~CURRENT VIOLENCE~~/PAST VIOLENCE

```
CATEGORY   - - - - - - - - CURRENT ASSIGNMENT - - - - - - - -  EFF DATE   TIME

CMA        PROG RPT      NEXT PROGRESS REPORT DUE DATE        12-13-2004  1022
CMA        RPP EXEMPT    RELEASE PREP PGM EXEMPT              02-05-2003  1006
CMA        V94 CDA913    V94 CURR DRG TRAF ON/AFT 91394       06-07-2000  1845
CMA        V94 PV        V94 PAST VIOLENCE                    06-07-2000  1845
CUS        IN            IN CUSTODY                           05-02-2000  1222
DRG        DRG E COMP    DRUG EDUCATION COMPLETED             08-29-2000  0836
DRG        DRG I RQ J    DRG INTRV REQD: JUD RECOMMEND        06-07-2000  1840
EDI        ESL HAS       ENGLISH PROFICIENT                   06-12-2000  0001
EDI        GED HAS       COMPLETED GED OR HS DIPLOMA          06-12-2000  0001
FRP        COMPLT        FINANC RESP-COMPLETED                04-02-2001  1131
LEV        LOW           SECURITY CLASSIFICATION LOW          12-10-2001  0939
MDS        NO F/S        NO FOOD SERVICE WORK                 06-07-2000  1429
MDS        REG DUTY W    REGULAR DUTY W/MED RESTRICTION       01-15-2002  1413
QTR        J03-307U      HOUSE J/RANGE 03/BED 307U            10-23-2002  1128
RLG        PROTESTANT    PROTESTANT                           06-07-2000  1853
WRK        J UNIT ORD    J UNIT ORDERLY                       12-11-2002  0001
```

WORK PERFORMANCE RATING:  _Outstanding work epatic._

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW:  _none_

FRP PLAN/PROGRESS:  _Completed felon assesment_
_bal 2481_

RELEASE PREPARATION PARTICIPATION:  _exempt due to detainer_

```
DEVBE          •        PROGRAM REVIEW REPORT        •      07-05-2003
PAGE 002                                                    10:53:55
```

CCC RECOMMENDATION: _will be denied due to_ _detainer._

PROGRESS MADE SINCE LAST REVIEW: _clear conduct, Outstanding_ _work reports. no education classes._

GOALS FOR NEXT PROGRAM REVIEW MEETING: _then Complete 1-2_ _ACE classes, all sanitation,_ _good to outstanding work reports._ _participate in recreation activities_ _as tolerated._

LONG TERM GOALS: _develop a release plan_ _3 months prior to release, maintain_ _family ties._

OTHER INMATE REQUESTS/TEAM ACTIONS: _reviewed 407, 408._ _no questions._

```
  DEVBE        *        PROGRAM REVIEW REPORT        *        07-05-2003
PAGE 003 OF 003                                              10:53:58
```

SIGNATURES:

UNIT MANAGER:

DATE:

INMATE:

DATE:

**Exhibit M**

```
DEVCB          *        PROGRAM REVIEW REPORT          *     01-01-2004
PAGE 001                                                     14:48:19
```

INSTITUTION: DEV  DEVENS FMC

NAME.......: COLBY, BARRY CLARK                    REG. NO: 03901-036
RESIDENCE..: PORTLAND, ME 04101

TYPE OF REVIEW......: ~~INITIAL CLASSIFICATION~~/(PROGRAM REVIEW)
NEXT REVIEW DATE....: _July 2004_

PROJ. RELEASE DATE..: 11-10-2005        RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE              HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: _September 2004_   DETAINERS (Y/N): (N)

CIM STATUS (Y/N)....: (N)          IF YES, RECONCILED (Y/N): _n/a_

PENDING CHARGES.....: _Maine Doc - V.O.P._

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....: _yes (disbursive)_
    IF YES - CIRCLE ONE - ~~DRUG TRAFFICKING~~/CURRENT VIOLENCE/(PAST VIOLENCE)

```
CATEGORY     - - - - - - CURRENT ASSIGNMENT - - - - - -    EFF DATE    TIME

CMA          PROG RPT      NEXT PROGRESS REPORT DUE DATE     12-13-2004  1022
CMA          RPP EXEMPT    RELEASE PREP PGM EXEMPT           02-05-2003  1006
CMA          V94 CDA913    V94 CURR DRG TRAF ON/AFT 91394    06-07-2000  1845
CMA          V94 PV        V94 PAST VIOLENCE                 06-07-2000  1845
CUS          IN            IN CUSTODY                        05-02-2000  1222
DRG          DRG E COMP    DRUG EDUCATION COMPLETED          08-29-2000  0836
DRG          DRG I RQ J    DRG INTRV REQD: JUD RECOMMEND     06-07-2000  1840
EDI          ESL HAS       ENGLISH PROFICIENT                06-12-2000  0001
EDI          GED HAS       COMPLETED GED OR HS DIPLOMA       06-12-2000  0001
FRP          COMPLT        FINANC RESP-COMPLETED             04-02-2001  1131
LEV          MEDIUM        SECURITY CLASSIFICATION MEDIUM    09-09-2003  0927
MDS          NO F/S        NO FOOD SERVICE WORK              06-07-2000  1429
MDS          REG DUTY W    REGULAR DUTY W/MED RESTRICTION    01-15-2002  1413
QTR          J01-128U      HOUSE J/RANGE 01/BED 128U         12-27-2003  0854
RLG          PROTESTANT    PROTESTANT                        06-07-2000  1853
WRK          J UNIT ORD    J UNIT ORDERLY                    11-14-2003  0953
```

WORK PERFORMANCE RATING: _Mr. Colby is currently assigned as a J Unit orderly and is receiving outstanding work performance evaluations_

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: _Mr. Colby was found guilty of a Code 305 on 9-8-2003._

FRP PLAN/PROGRESS: _Mr. Colby satisfied his FRP obligation of a $100_   _Clerk's D= $312.55_
_Felony Assessment Fee on 4-2-2001._                              _Clerk's S= $303.44_

RELEASE PREPARATION PARTICIPATION: _Due to his detainer, Mr. Colby has been placed in RPP exempt status. However, he is encouraged to voluntarily enroll in and complete the program prior to release._

DEVCB          *          PROGRAM REVIEW REPORT          *          01-01-2004
PAGE 002                                                            14:48:19

CCC RECOMMENDATION: Due to his pending detainer, Mr. Cuiby will not be
referred for CCC placement.

PROGRESS MADE SINCE LAST REVIEW: Mr. Cuiby is receiving outstanding work
performance evaluations And completed Smoking Cessation class on 8-27-2003.

GOALS FOR NEXT PROGRAM REVIEW MEETING: By July 2004, Mr. Cuiby should
enroll in at least (1) adult Continuing Education course and make satisfactory progress
towards completion, voluntarily enroll in at least (1) RPP courses and make
satisfactory progress towards completion, maintain outstanding work performance
evaluations, begin developing release plans, maintain clean conduct/sanitation,
and begin saving money for release.

LONG TERM GOALS: Mr. Cuiby should complete at least (2) adult Continuing
Education courses per year up until release, voluntarily complete RPP prior
to release, maintain outstanding work performance evaluations, have release
plans approved by USPO, maintain clean conduct/sanitation, and have
money saved for release

OTHER INMATE REQUESTS/TEAM ACTIONS: 407/408 Reviewed.

```
  DEVCB             *        PROGRAM REVIEW REPORT              *        01-01-2004
PAGE 003 OF 003                                                         14:48:19
```

SIGNATURES:

UNIT MANAGER: _____ INMATE: X_____

DATE: _____1-2-04_____        DATE: _____1-2-04_____

D. Dolan, CLC

**Exhibit N**

```
  DEVBE        *          PROGRAM REVIEW REPORT          *      06-05-2004
PAGE 001                                                        09:54:30

INSTITUTION: DEV  DEVENS FMC

NAME.......: COLBY, BARRY CLARK                  REG. NO.: 03901-036
RESIDENCE..: PORTLAND, ME 04101

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....: __11/24/04__

PROJ. RELEASE DATE..: 11-10-2005        RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE              HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: _6/05_       DETAINERS (Y/N): Y

CIM STATUS (Y/N)....: N        IF YES, RECONCILED (Y/N): __N/A__

PENDING CHARGES.....: Detainer Violation Probation Maine DOC

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)....: (Yes)
   IF YES - CIRCLE ONE  DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

CATEGORY   - - - - - -      CURRENT ASSIGNMENT - - - - - - -    EFF DATE    TIME

CMA        PROG RPT        NEXT PROGRESS REPORT DUE DATE       12-13-2004   1022
CMA        RPP PART        RELEASE PREP PGM PARTICIPATES       05-19-2004   1158
CMA        V94 CDA913      V94 CURR DRG TRAF ON/AFT 91394      06-07-2000   1845
CMA        V94 PV          V94 PAST VIOLENCE                   06-07-2000   1845
CUS        IN              IN CUSTODY                          05-02-2000   1222
DRG        DRG E COMP      DRUG EDUCATION COMPLETED            08-29-2004   0836
DRG        DRG I RQ J      DRG INTRV REQD: JUD RECOMMEND       06-07-2000   1840
EDI        ESL HAS         ENGLISH PROFICIENT                  06-12-2000   0001
EDI        GED HAS         COMPLETED GED OR HS DIPLOMA         06-12-2000   0001
FRP        COMPLT          FINANC RESP-COMPLETED               04-02-2001   1131
LEV        MEDIUM          SECURITY CLASSIFICATION MEDIUM      09-09-2003   0927
MDS        NO F/S          NO FOOD SERVICE WORK                06-07-2000   1429
MDS        REG DUTY W      REGULAR DUTY W/MED RESTRICTION      01-15-2002   1413
QTR        J01-128U        HOUSE J/RANGE 01/BED 128U           06-01-2004   1128
RLG        PROTESTANT      PROTESTANT                          06-07-2000   1853
WRK        J UNIT ORD      J UNIT ORDERLY                      06-01-2004   1128
```

WORK PERFORMANCE RATING: Inmate Colby receives outstanding work reports.

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: He has not received an incident report since last program review.

FRP PLAN/PROGRESS: Completed $100.00 FA on 4/2/01 Balance- 337.34 Bal. $65

RELEASE PREPARATION PARTICIPATION: Will be exempt due to detainer, but is encouraged do participate.

```
  DEVBE          *         PROGRAM REVIEW REPORT          *      06-05-2004
PAGE 002                                                         09:54:30
```

CCC RECOMMENDATION: _will be denied due to detainer_

PROGRESS MADE SINCE LAST REVIEW: _clear conduct, outstanding work report, no education classes. has not sited & for release._

GOALS FOR NEXT PROGRAM REVIEW MEETING: _clear conduct, continue with outstanding work report, save $35 a month for release purposes, complete 1 ACE class (computer or health), reduction class), comply w/ medical treatment. Complete release class (personal finance) voluntarily._

LONG TERM GOALS: _develop release plan for 6/05 to include residence. Voluntarily complete release classes by 10/05. save $35 a month for release purposes._

OTHER INMATE REQUESTS/TEAM ACTIONS: _reviewed 407, 408. requested custody form. will exempt from_ _no problems or concerns_

```
    DEVBE              *        PROGRAM REVIEW REPORT          *     06-05-2004
PAGE 003 OF 003                                                    09:54:30
SIGNATURES:
```

UNIT MANAGER: _V. Fernandez_         INMATE: _____

        DATE: _____6/9/04_____        DATE: _6/9/04_____

**Exhibit O**

```
   DEVBE        *        PROGRAM REVIEW REPORT          *     11-23-2004
   PAGE 001                                                   19:17:15

INSTITUTION: DEV  DEVENS FMC

NAME.......: COLBY, BARRY CLARK                    REG. NO: 03901-036
RESIDENCE..: PORTLAND, ME 04101

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....: _____2|16|05_____

PROJ. RELEASE DATE..: 11-10-2005          RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW:  _6|05_____    DETAINERS (Y/N): Y

CIM STATUS (Y/N)....: N         IF YES, RECONCILED (Y/N): N|A

PENDING CHARGES.....:  Detainer-Maine probation violation

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N): yes
   IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

CATEGORY     - - - - - -  CURRENT ASSIGNMENT - - - - - - - -  EFF DATE   TIME

CMA          PROG RPT     NEXT PROGRESS REPORT DUE DATE       12-13-2004 1022
CMA          RPP EXEMPT   RELEASE PREP PGM EXEMPT             06-16-2004 0833
CMA          RPP UNT C    RELEASE PREP UNIT PGM COMPLETE      11-22-2004 1411
CMA          V94 CDA913   V94 CURR DRG TRAF ON/AFT 91394      06-07-2000 1845
CMA          V94 PV       V94 PAST VIOLENCE                   06-07-2000 1845
CUS          IN           IN CUSTODY                          05-02-2000 1222
DRG          DRG E COMP   DRUG EDUCATION COMPLETED            08-29-2000 0836
DRG          DRG I RQ J   DRG INTRV REQD: JUD RECOMMEND       06-07-2000 1840
EDI          ESL HAS      ENGLISH PROFICIENT                  06-12-2000 0001
EDI          GED HAS      COMPLETED GED OR HS DIPLOMA         06-12-2000 0001
FRP          COMPLT       FINANC RESP-COMPLETED               04-02-2001 1131
LEV          MEDIUM       SECURITY CLASSIFICATION MEDIUM      09-09-2003 0927
MDS          NO F/S       NO FOOD SERVICE WORK                06-07-2000 1429
MDS          REG DUTY W   REGULAR DUTY W/MED RESTRICTION      01-15-2002 1413
QTR          J01-128U     HOUSE J/RANGE 01/BED 128U          11-17-2004 1052
RLG          PROTESTANT   PROTESTANT                          06-07-2000 1853
WRK          J UNIT ORD   J UNIT ORDERLY                      11-17-2004 1052
```

WORK PERFORMANCE RATING:  Inmate Colby receives Outstanding

with reports.

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW:  none since last program

review.

FRP PLAN/PROGRESS:  Completed $100 SA on 4/2/01

last 6 mos. $216.68          Bal $1.83

RELEASE PREPARATION PARTICIPATION:  Exempt due to detainer

```
DEVBE           *        PROGRAM REVIEW REPORT          *      11-23-2004
PAGE 002                                                       19:17:15
```

CCC RECOMMENDATION: _Denied INU to detainer._

PROGRESS MADE SINCE LAST REVIEW: _Clear conduct, outstanding work report, no classes_

GOALS FOR NEXT PROGRAM REVIEW MEETING: _Clear conduct, outstanding work report, complete ACC class of interest, comply w/ medical treatment_

LONG TERM GOALS: _Successfully complete 5 year supervised release, maintain family contact,_

OTHER INMATE REQUESTS/TEAM ACTIONS: _renewed 407, 408_
_Release Plan - Jackie Hood (friend)_
_15 Cedar St_

_(207) 772-6612_

```
   DEVBE          *          PROGRAM REVIEW REPORT          *          11-23-2004
PAGE 003 OF 003                                                        19:17:15
SIGNATURES:

UNIT MANAGER:                                     INMATE:

      DATE: _____ 11/24/04                        DATE: 11/24/04
```

**Exhibit P**

**GEOFFREY A. RUSHLAU**
DISTRICT ATTORNEY

**LEANE M. ZAINEA**
DEPUTY DISTRICT ATTORNEY

**ERIC J. WALKER**
**PATRICIA A. MADOR**
**DONALD LAWSON-STOPPS**
**KENDRA L. POTZ**
**CHRISTOPHER R. FERNALD**
**CARRIE L. CARNEY**
**LISA R. BOGUE**
ASSISTANT DISTRICT ATTORNEYS



**STATE OF MAINE**

**OFFICE OF THE DISTRICT ATTORNEY**
**DISTRICT SIX**
KNOX, WALDO, LINCOLN AND SAGADAHOC COUNTIES

PLEASE REPLY TO:

☐  KNOX COUNTY COURTHOUSE
62 Union Street
Rockland, ME 04841
Tel: 207-594-0424
Fax: 207-594-0434

☐  WALDO COUNTY COURTHOUSE
137 Church Street
Belfast, ME 04915
Tel: 207-338-2512
Fax: 207-338-6792

☑  LINCOLN COUNTY COURTHOUSE
32 High Street, P.O. Box 249
Wiscasset, ME 04578
Tel: 207-882-7312
Fax: 207-882-4323

☐  SAGADAHOC COUNTY COURTHOUSE
P.O. Box 246
Bath, ME 04530
Tel: 207-443-8204
Fax: 207-443-8208

November 22, 2004

Federal Medical Center Devens
Attn: I.S.M. Records
P.O. Box 880
Ayer, Mass. 01432

Re: Inmate Barry Colby; Reg. # 03901-036

To Whom It May Concern:

    A detainer was lodged against the above-named inmate in February, 2002. There is currently a probation violation proceeding in Lincoln County Superior Court docket number CR-87-481, with an outstanding warrant. I understand that the inmate's release date from federal custody is November 10, 2005, but that he could be released earlier to a halfway house in Portland, Maine. Please consider this letter as a <u>withdrawal</u> of the detainer request. The warrant will remain outstanding until he surrenders himself to our court. Bail will be addressed at that time. I ask that his release from your facility will be made contingent upon his making arrangements for his surrender promptly upon his return to Maine.

    Do not hesitate to call if you have any questions about this letter.

                                        Sincerely,

                                        Geoffrey Rushlau
                                        District Attorney

cc: PPO Michael Roach
    Sharon Simpson, Clerk of Courts

**Exhibit Q**

BP-S394.058 DETAINER ACTION LETTER  CDFRM
MAR 03
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| To:  Office of the District Attorney | | Institution: Federal Medical Center Devens |
| --- | --- | --- |
| District Six<br>Lincoln County Courthouse<br>32 High Street<br>Wiscasset, ME  04578 | | Attn: ISM - Records<br>Post Office Box 880<br>Ayer, MA 01432 |
| | | Date: December 17, 2004 |

| Docket #<br>CR-87-481 | Inmate's Name:<br>COLBY, Barry | Federal Reg. No.<br>03901-036 | DOB/SEX/RACE<br>03-22-1950/M/W |
| --- | --- | --- | --- |
| Aliases: | | Other No.: FBI 865697G<br>ME SBI#E-7676 | |

The below checked paragraph relates to the above named inmate:

☐   This office is in receipt of the following report: _____. If subject is wanted by
    your department and you wish a detainer placed, it will be necessary for you to forward a
    certified copy of your warrant to us along with a cover letter stating your desire to have it
    lodged as a detainer.  If you have no further interest in the subject, please forward a letter
    indicating so.

☐   A detainer has been filed against this subject in your favor charging _____.
    Release is tentatively scheduled for _____, however, we will notify you approximately
    90 days prior to actual release.  To check on an inmate's location, you may call our National
    Locator Center at: 202-307-3126 or check our BOP Inmate Locator Website at www.bop.gov.

☐   Enclosed is your detainer warrant. Your detainer against the above named has been removed in
    compliance with your request.

**X   Your detainer warrant has been removed on the basis of the attached letter dated 11-22-2004.
    Notify this office immediately if you do not concur with this action.**

☐   Your letter dated _____ requests notification prior to the release of the above named
    prisoner. Our records have been noted. Tentative release date at this time is _____.

☐   I am returning your _____ on the above named inmate who was committed to this institution
    on _____ to serve _____ for the offense of _____. If you wish your
    _____ filed as a detainer, please return it to us with a cover letter stating your desire
    to have it placed as a hold or indicate you have no further interest in the subject.

**X   Current Charge: PWITD Cocaine Base
    Projected Release Date: 11-10-2005**

                                        Sincerely,

                                        *C. Alvidrez*

                                        Carmen Alvidrez, Legal Instruments Examiner
                                             (978) 796-1187
                                        For Stephen Gagnon,
                                        Inmate Systems Manager

Original - Addressee, Copy - Judgment & Commitment File; Copy - Inmate; Copy - Central File (Section 1); Copy -
Correctional Services Department

**Exhibit R**

BP-S210.073  INSTITUTIONAL REFERRAL FOR CCC PLACEMENT  CDFRM
SEP 99

U.S. DEPARTMENT OF JUSTICE                        FEDERAL BUREAU OF PRISONS

| TO: David Dwyer, CCM<br>JFK Federal Building, Suite 2200<br>Boston, MA 02203 | FROM: David L. Winn, Warden |
|---|---|

| Inmate Name<br>COLBY, Barry Clark | Register Number<br>03901-036 | Date<br>2/9/05 |
|---|---|---|

| Unit Manager/Mail ID<br><br>Nancy Patterson  _Carl L. Seccan_  Acting um | Institution (Address and Phone Number)<br>FMC Devens<br>P.O. Box 880<br>Ayer, MA 01432    (978) 796-1000 |
|---|---|

1. Release City: Portland    | Supervision District:<br>District of Maine

| 2. Anticipated Release Date<br>November 10, 2005 | Method<br>Good Conduct Time | Verified by (ISM Staff)<br>Steve Gagnon, ISM |
|---|---|---|

| 3. Recommended (only one):<br>a. Range 6 months (home confinement)<br>or<br>b. Date | 4. If a presumptive parole case, enter the date the pre-release record review progress report was submitted to the Parole Commission: N/A |
|---|---|

| 5. Statutory Interim Hearing Scheduled?<br>☐ Yes   X No   ☐ Waived | 6. Supervised Release<br>X Yes   No | Special Parole Term<br>☐ Yes X No |
|---|---|---|

7. Aftercare Supervision
   X Drug X Alcohol    Mental Health    Other

8. CIM Case:    Yes  X No    | Assignment: N/A

As CMC, I have reviewed the Request for Activity Clearance (404) and the SENTRY CIM Clearance and Separatee Data and I recommend the inmate be considered for CCC placement and clearance be granted by the Warden.

☐ Yes   ☐ No    Signature of CMC _____

Upon signature of the Warden, I will update SENTRY to reflect CCC referral for range/date as listed in item 3 above.

NOTE:
The CMC will update SENTRY to reflect specific dates and CCC location code upon notification of acceptance from the CCM.

| 9. If proposed District of Supervision differs from Sentencing District, has USPO approved? Yes  No  X N/A | 10. Does inmate have a financial obligation?  Yes X No<br>If yes, indicate type and how obligation will be paid in item 12. |
|---|---|

11. Additional Information, including status of any detainers or pending charge(s) and whether there is a substance abuse history. Inmate Colby has an outstanding warrant for a probation violation in Lincoln County Superior Court in Wiscasset, Maine. The warrant will remain outstanding until he surrenders himself to the court. District Attorney Geoffrey Rushlau requested that the detainer be removed so that inmate Colby may obtain CCC placement. Inmate Colby has a substance abuse history. His drugs of choice are cocaine and cocaine base.

12. Specific release preparation/Pre-natal care needs. Mr. Colby requires universal precautions and has been diagnosed with Hepatitis and polysubstance abuse by history. Currently, he is in the process of applying for social security disability with the assistance of an institution social worker. To aid his reintegration in the community, the Unit Team is recommending that Mr. Colby receive a 6 month Community Corrections Center placement (home confinement).

| 13. For MINT Referrals,<br>Date of Delivery: | 14. (a) For MINT Referrals, Projected Date of Return to Parent Institution:<br>(B) Proposed guardian: |
|---|---|

| TO BE FORWARDED WITH THE REFERRAL FORM | NO. COPIES | TO BE FORWARDED TO THE REGIONAL TSM | NO. COPIES |
|---|---|---|---|
| BP-S210, Referral Form | 2 | BP-S210, Referral Form | 1 |
| Current Progress Report | 2 | Current Progress Report | 2 |
| Pre-sentence Report/Violation Report | 2 | Treatment Summary and Referral Form | 2 |
| Community Based Program Agreement | 2 | Drug Abuse Treatment Programs Agreement to | |
| BP-339 CIM Case Information Summary | 1 | Participate in Community Transition Programming | 2 |
| (Non-Separation Cases) | | | |
| USPO Acceptance Letter | 2 | | |
| Copy of Latest Notice of Action | 2 | | |
| BP-351 Medical Evaluation for Transfer of | 2 | | |
| Inmates to CCC Type Facility | | | |
| Judgment & Commitment Order | 2 | | |
| Statement of Responsibility | 2 | | |

* If the inmate has a diagnosed, ongoing medical condition, such as diabetes or coronary disease, send any pertinent medical records.

Record Copy - CCM; Copy - Institution File; Copy - USPO Sentencing District; Copy USPO District of Supervision
(This form may be replicated via WP)                    This form replaces BP-210 November 1995

Exhibit S

BP-S399.058 **TRANSFER ORDER** CDFRM
MAY 94

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

In accordance with authority provided in Title 18, U.S. Code, Section 3621, and the authority delegated to me by the Director of the Bureau of Prisons, I hereby order transfer of:

| Name of Inmate | Register No. |
|---|---|
| COLBY, Barry Clark | 03901-036 |

From (Name of Institution and Location)

FMC Devens, 42 Patton Road, Ayer, MA 01432

To (Name of Institution and Location)

Pharos House, 5 Grant Street, Portland, ME 04101

| Reason for Transfer | Transfer Code |
|---|---|
| Transfer to CCC | 276 |

| Parole Status | Custody Classification |
|---|---|
| N/A | Medium/IN (Community effective 05-20-05) |

| Health Status<br>Regular Duty; No medical Restriction<br>Fit for travel | Central Inmate Monitoring Case<br>__XXX__ No<br>_____ Yes-CIM Assignment_____ |
|---|---|

| Signature of Transferring Authority<br>David L. Winn | Title of Transferring Authority<br>Warden | Date<br>4/18/5 |
|---|---|---|

RETURN OF SERVICE - Pursuant hereto, I have this _____ day of _____, 20__, executed the above order and committed the inmate to the institution indicated.

| Signature | Name |
|---|---|
| | |
| Title | Agency |

For transfer to CTC's, complete the following:

| Projected release date | Type of release |
|---|---|
| 11-10-05 | Good Conduct Time Release |

| Scheduled date and time of departure<br>LV FMC Devens, MA on 05-20-05 at 10:00 a.m. via daughter's POV (Christine Thibeau) to Portland, ME.  Arrive at CCC no later than 2:00pm. | Scheduled date and time of arrival<br>Arrive at CCC, Portland, ME on 05-20-05 no later than 2:00pm |
|---|---|

Record Copy - J & C; Copy - Central File

(This form may be replicated via WP)                              Replaces BP-399(58) of OCT 88

*Sensitive Limited Official Use Only*

Exhibit T

| | |
|---|---|
| **From:** | Dawn Adams |
| **To:** | Dwyer, David; Hufnagel, Regina; Patterson, Nancy L. |
| **Date:** | Mon, May 16, 2005 3:32 PM |
| **Subject:** | Re: Fwd: Colby, Barry 03901-036 |

If he has an active warrant and they plan on picking him up- deny his placement.

Dawn Adams
Case Management Coordinator
FMC Devens, MA
(978) 796-1106
(978) 796-1053 Fax

>>> David Dwyer 5/16/2005 9:11:50 AM >>>
It looks like they are planning on arresting him upon his arrival to Maine not when he releases from the
CCC. What do you want me to do? It is a requirement for them to get their pictures and/or fingerprints
done upon arrival. When the USM sees the warrant he will most likely be arrested.

David Dwyer
Federal Bureau of Prisons
Community Corrections Manager - Boston
JFK Federal Building
Suite 2200
Boston, MA 02203
(617) 565-4293
(617) 565-4297 Fax

**From:** <Pharoshouse@aol.com>
**To:** <DDwyer@bop.gov>
**Date:** Fri, May 13, 2005 2:00 PM
**Subject:** Colby, Barry 03901-036

Dave,

A few red flags on Colby..
In looking over Colby's file I see that he has an outstanding warrant for Lincoln County, Maine
that has been detained until he returns to Maine. I spoke with the D.A. and he specified that indeed it means when he returns to Maine, not when he releases from Pharos House.
So, I'm concerned, even if Colby informs the D.A. of his arrival, that he'll be arrested by Portland PD when he arrives or when we release him to get his mug shot at the Marshals.
No money to post bail if that should happen.
Also, he's listed as pre-release, should he be Com Cor?

Your thoughts?

Jason

Exhibit U



```
DEVAE  5J2*01 *              DAILY LOG              *   05-17-2005
PAGE 001 OF 001 *                                  *   07:33:42

FUNCTION......: PRT   SELECTION CATEGORY: DST  EQ ALL        FACL..: DEV
LOG START DATE: 05-16-2005     NEXT/PRIOR:      ACT/FUT/HIS: A    FORMAT: T
LOG END DATE..: 05-16-2005

                                          ---EFFECTIVE--- --ENTRY---
  REG NO    NAME           FROM     TO     DATE     TIME TID  TIME
     -018                         DEV MED  05-16-2005 0832 BOPH5 0832
     -053                 DEV LOW          05-16-2005 1002 DEVAJ 1002
     -036                 USM-FLS   LOCAL HOSP 05-16-2005 1112 DEVAM 1113
                          LOCAL HOSP USM-FLS 05-16-2005 1505 DEVB1 1506
     -038                         W REDES D  05-16-2005 0852 DEVBZ 0852
  03901-036 COLBY          CBN 1DC          05-16-2005 1546 CBNDK 1546
     -004                 MIA SCP   EHRL TR NC 05-16-2005 0839 DEVAM 0839
     -066                 W CCC ACT LOCAL HOSP 05-16-2005 1112 DEVAM 1112
                          LOCAL HOSP W CCC ACT 05-16-2005 1700 DEVB1 1700
     -014                         W REDES D  05-16-2005 0852 DEVBZ 0852
     -054                 DEV SCP   W DESIG D  05-16-2005 1037 DEVBZ 0852
                          W DESIG D DEV SCP  05-16-2005 1337 NERGE 1337
     -038                         W REDES D  05-16-2005 0852 DEVBZ 0852
     -051                 DEV LOW          05-16-2005 1015 DEVAJ 1015
     -055                         W CCC ACT 05-16-2005 1043 DEVCF 1043
     -058                 W REDES M  DUT    05-16-2005 0958 BOPHE 0958
     -038                 CBN 1BN   LOCAL HOSP 05-16-2005 0706 DEVAM 0706
                          LOCAL HOSP CBN 1BN 05-16-2005 1043 DEVB1 1043
     -038                 W DESIG M DEV MED  05-16-2005 0748 BOPHC 0748
     -044                 W DESIG M DEV MH  05-16-2005 1032 BOPHG 1032
     -050                 DEV MH           05-16-2005 1008 DEVAJ 1008
     -045                         W CCC ACT 05-16-2005 1033 DEVCF 1033
     -083                         W CCC ACT 05-16-2005 1042 DEVCF 1042



G0000    TRANSACTION SUCCESSFULLY COMPLETED
```

*Removed from Pharos House  CCC placement*

**Exhibit V**

STATE OF MAINE                          SUPERIOR COURT
LINCOLN, SC                                CRIMINAL ACTION
                                         DOCKET NO. 87-481


STATE OF MAINE                  *
                                *
                                *       **MOTION TO RECALL**
    V.                          *       **ARREST WARRANT**
                                *       **AND ISSUE SUMMONS**
                                *
BARRY COLBY


    The State of Maine moves that this honorable court order that an arrest warrant issued on or about August 30, 1999, and later reissued, be recalled and a summons be issued in place of that warrant, for the following reasons:

1.  Subsequent to issuance of the warrant the defendant was convicted in United States District Court and committed to a federal prison;

2.  Defendant was transported outside Maine despite the existence of the outstanding warrant in this case;

3.  Under federal prison policy once an inmate is in their custody outstanding probation violations in state court may not be addressed until completion of the federal sentence. The inmate may not be returned to a requesting state pursuant to the legal procedures applying to untried charges;

4.  Although the defendant is not eligible to be returned to Maine for hearing on the motion to revoke probation until completion of his sentence, he is eligible for early release to a half–way house in Portland. The undersigned agreed to withdraw the detainer lodged at the federal prison so that the defendant could be released to the half–way house (see attached letter);

5.  The United States Bureau of Prisons subsequently determined that the defendant could not be transferred to the half–way house because the state court warrant still existed; the defendant continues to remain in federal custody;

6.  The defendant will be on federal supervised release after completion of his federal prison term and under the regular supervision of a federal probation officer; there is relatively little risk he will abscond from the state court proceeding if the warrant is recalled and a summons is substituted;

7.  On information and belief, the undersigned believes the defendant joins in this motion

since he has been seeking to have the warrant recalled so that he may be released to the half–way house;

WHEREFORE, the State of Maine moves that the warrant be recalled and a summons issued requiring that the defendant appear in Lincoln Superior Court, Wiscasset, Maine on December 1, 2005 At 8:30 a.m.

8/29/05
Date

District Attorney

## CERTIFICATE OF SERVICE

A copy of this motion has been mailed to the defendant at his last known address, FMC Devens, P.O. Box 879, Ayer, Mass. 01432, and to the attorneys involved in a federal Habeas Corpus Action: Gina Walcott–Torres (for the United States Attorney) and Patrick Ward (for the Bureau of Prisons).

8/29/05
Date

District Attorney

8/31/05  Granted.

Exhibit W

# STATE OF MAINE

SUPERIOR COURT
LINCOLN, ss.
Docket No. WISSC-CR-1987-00481

STATE OF MAINE
   v.
BARRY C COLBY
218 PARK AVENUE
PORTLAND ME 04112

**SUMMONS**
**(for Hearing)**
**M.R.Crim.P. 4(b))**

D.O.B : 03/22/1950

## TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned to appear before the LINCOLN SUPERIOR COURT at HIGH STREET, WISCASSET ME 04578 on 12/01/2005 for a HEARING - PROBATION REVOCATION at 08:30 to answer charge(s) of :

001 AGGRAVATED ASSAULT
Class B , Title 17-A M.R.S.A. SEC.208(1)(B)

Date: 09/02/2005

_Sharon Simpson_
Clerk of Courts

## MANNER OF SERVICE

A copy of this summons was

☐ delivered in hand to defendant by me at _____, _____
_____, Maine, on _____.

☐ left by me on _____, at defendant"s (dwelling)(usual place of abode) with
_____ whose age is _____ years, a person of suitable age and
discretion who is a resident there. The address of defendant"s (dwelling) (usual place
of abode) is _____, _____ Maine.

☒ mailed by me to defendant by depositing it in the United States mail on **09/02/05**,
with first class postage prepaid, addressed to defendant"s last known address, which is
**FEDERAL MEDICAL CENTER, AYER MA   01432** _____

Date: **09/02/05** _____

_Sharon Simpson_
Authorized officer
Agency: **Lincoln County Superior Court**

A TRUE COPY
ATTEST:_____
       Clerk

CR-071, Rev. 02/1999          Page 1 of 1

Exhibit X



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

| | |
|---|---|
| **OPI:** | CPD |
| **NUMBER:** | 7310.04 |
| **DATE:** | 12/16/98 |
| **SUBJECT:** | Community Corrections Center (CCC) Utilization and Transfer Procedure |

1. <u>PURPOSE AND SCOPE</u>.  To provide guidelines to staff regarding the effective use of Community Corrections Centers (CCCs).  This Program Statement defines placement criteria for offenders, requires that staff members start the placement process in a timely manner, and defines the circumstances when inmates may refuse Community Corrections (CC) programs.  It also establishes an operational philosophy for CCC referrals that, whenever possible, eligible inmates are to be released to the community through a CCC unless there is some impediment as outlined herein.

CCCs provide an excellent transitional environment for inmates nearing the end of their sentences.  The level of structure and supervision assures accountability and program opportunities in employment counseling and placement, substance abuse, and daily life skills.

One reason for referring an inmate to a CCC is to increase public protection by aiding the transition of the offender into the community.  Participating in community-based transitional services may reduce the likelihood of an inmate with limited resources from recidivating, whereas an inmate who is released directly from the institution to the community may return to a criminal lifestyle.  While clearly dangerous inmates should be separated from the community until completing their sentences, other eligible inmates should generally be referred to CCCs to maximize the chances of successful reintegration into society.

Finally, the scope of this Program Statement has been extended to include CCC consideration/placement of District of Columbia Department of Corrections inmates.

PS 7310.04
12/16/98
Page 10

When the Unit Team has concerns regarding the appropriateness of a CCC placement (such as criminal history, severity of current offense), procedures will be followed according to Section 10.i.(2), Limitations on Eligibility for All CCC Referrals.

The following CCC referral guidelines apply in addition to the guidelines provided for regular referrals:

(1)   The inmate must be pregnant upon commitment with an expected delivery date prior to release.

(2)   The inmate or guardian must assume financial responsibility for the child's care, medical and support, while residing at the CCC.   Should the inmate or the guardian be unable or unwilling to bear the child's financial cost, the inmate may be transferred back to her parent institution.

(3)   An inmate who becomes pregnant while on furlough, or has more than five years remaining to serve on her sentence(s), or plans to place her baby up for adoption shall not be referred for MINT placement.

**Referrals to CCMs should state a specific date of placement. This date should be approximately two months prior to the inmate's expected delivery date.**

The CCC's Terminal Report should fully describe the inmate's experience in, and reaction to, the MINT Program.   It should also summarize counseling received in the program and include follow-up medical or program recommendations for the institution to facilitate the inmate's transition.

Inmates in need of foster care placement assistance shall be referred to the institution social worker, or if the institution does not have a social worker, staff shall contact a social worker in the community for foster care placement assistance.

10.   <u>LIMITATIONS ON ELIGIBILITY FOR ALL CCC REFERRALS</u>.   Inmates in the following categories shall not ordinarily participate in CCC programs:

a.   Inmates who are assigned a "Sex Offender" Public Safety Factor.

b.   Inmates who are assigned a "Deportable Alien" Public Safety Factor.

c.   Inmates who require inpatient medical, psychological, or psychiatric treatment.

d.   Inmates who refuse to participate in the Inmate Financial Responsibility Program.

e.   Inmates who refuse to participate, withdraw, are expelled, or otherwise fail to meet attendance and examination requirements in a required Drug Abuse Education Course.

f.   Inmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement.

g.   Ordinarily, inmates serving sentences of six months or less.

h.   Inmates who refuse to participate in the Institution Release Preparation Program.

i.   Inmates who pose a significant threat to the community. These are inmates whose current offense or behavioral history suggests a substantial or continuing threat to the community.

Examples are inmates with repeated, serious institution rule violations, a history of repetitive violence, escape, or association with violent or terrorist organizations.

To determine whether an inmate poses a significant threat, a number of factors must be considered.  The key consideration is public safety when assessing the inmate's proclivity for violence or escape against their placement needs.

A waiver of the Public Safety Factor is not required for inmates transferred via unescorted transfer to CCC placements.

Ordinarily, inmates with a single incident of violence should not automatically be excluded from CCC placement.  As noted earlier, clearly dangerous inmates should be excluded from CCC placement.

(1)   When there exists a basis for significant doubt regarding whether the inmate currently poses a threat to the community, the Warden should consider contacting the Chief USPO in the release district (see the Sample letter (Attachment A)) to seek guidance on the referral's appropriateness.  A copy of this letter shall be maintained in the Inmate Central File.

(2)   When an inmate is excluded under this subsection, a memorandum, signed by the Warden, shall be prepared and placed in the Inmate Central File to explain the rationale for exclusion from CC Programs.

PS 7310.04
12/16/98
Page 12

j.  Inmates whose admission and release status is pretrial, holdover, or detainee.

11.  <u>REFUSALS</u>.  When an eligible inmate refuses CCC placement, staff shall investigate the inmate's reasons.  Staff may honor an inmate's refusal of CCC placement.

Suitable reasons to decline placement might include previous CCC failure, potential conflict with other residents, and location or remoteness from release residence.  When the inmate does not present a suitable reason, and the unit team believes that a placement would serve a correctional need, the unit team shall make every effort to encourage participation.

When an inmate refuses placement, a memorandum, signed by the Associate Warden (Programs) and the inmate, shall be placed in the Inmate Central File.  The memorandum should document the inmate's rationale for refusal and all unit team effort to encourage participation.

12.  <u>CCC REFERRAL PROCEDURES</u>.  Normally 11 to 13 months before each inmate's probable release date, the unit team shall decide whether to refer an inmate to a Community Corrections program.

Medical staff shall notify the inmate's Case Manager promptly when a pregnancy is verified.  Upon notification, the unit team shall decide if a MINT referral to a Community Corrections program will be made.

a.  <u>Referral to CCM</u>.  Staff shall use the Institution Referral form (BP-210) (Attachment B) when referring an inmate for transfer to a CCC.  Information included in the Additional Information (11) and Specific Release Preparation Needs (12) sections must be as specific as possible regarding the inmate's needs.

Attachment B contains instructions for completing the Institution Referral form and related materials.  Signed copies of the "Community Based Program Agreement" must be included with all CCC referrals.  The Warden is the final decision-making authority for all CCC referrals the unit team recommends.

If the Warden approves the CCC referral, the unit team shall forward two copies of the Institutional Referral form and appropriate attachments to the CCM.  Staff shall enter the DST SENTRY assignment of "W CCC ACT."  Copies of appropriate documents are prepared so that one may be forwarded to the CCC while the CCM retains the other for reference.

**Exhibit Y**

BP-S210.073  **INSTITUTIONAL REFERRAL FOR CCC PLACEMENT** CDFRM
SEP 99

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| TO:  David Dwyer, CCM<br>JFK Federal Building, Suite 2200<br>Boston, MA 02203 | FROM: David L. Winn, Warden |

| Inmate Name<br>COLBY, Barry Clark | Register Number<br>03901-036 | Date<br>September 9, 2005 |
|---|---|---|

| Unit Manager/Mail ID<br><br>Nancy Patterson | Institution (Address and Phone Number)<br>FMC Devens<br>P.O. Box 880<br>Ayer, MA 01432    (978) 796-1000 |
|---|---|

1.  Release City: Portland | Supervision District:<br>District of Maine

| 2.  Anticipated Release Date<br>November 10, 2005 | Method<br>Good Conduct Time | Verified by (ISM Staff)<br>Steve Gagnon, ISM |
|---|---|---|

| 3.  Recommended (only one):<br>a.  Range        or<br>b.  Date October 13, 2005<br>        (home confinement) | 4.  If a presumptive parole case, enter the date the pre-release record review progress report was submitted to the Parole Commission: N/A |
|---|---|

| 5.  Statutory Interim Hearing Scheduled?<br>☐ Yes    X No    ☐ Waived | 6.  Supervised Release<br>X Yes    No | Special Parole Term<br>☐ Yes X No |
|---|---|---|

7.  Aftercare Supervision
X Drug X Alcohol      Mental Health    Other

8.  CIM Case:    Yes  X No    | Assignment: N/A

| As CMC, I have reviewed the Request for Activity Clearance (404) and the SENTRY CIM Clearance and Separatee Data and I recommend the inmate be considered for CCC placement and clearance be granted by the Warden.<br><br>☐ Yes  ☐ No    Signature of CMC _____<br>Upon signature of the Warden, I will update SENTRY to reflect CCC referral for range/date as listed in item 3 above. | NOTE:<br>The CMC will update SENTRY to reflect specific dates and CCC location code upon notification of acceptance from the CCM. |
|---|---|

| 9.  If proposed District of Supervision differs from Sentencing District, has USPO approved? Yes   No  X N/A | 10.  Does inmate have a financial obligation?   Yes X No<br>If yes, indicate type and  how obligation will be paid in item 12. |
|---|---|

11.  Additional Information, including status of any detainers or pending charge(s) and whether there is a substance abuse history. Mr. Colby had an outstanding warrant for a probation violation in Lincoln County Superior Court in Wiscasset, Maine.  The warrant has been removed by District Attorney Geoffrey Rushlau. A summons has been issued requiring Mr. Colby appear in Lincoln Superior Court on December 1, 2005, at 8:00 a.m. to respond to the open probation violation. Mr. Colby has a substance abuse history. His drugs of choice are cocaine and cocaine base.

12.  Specific release preparation/Pre-natal care needs.  Mr. Colby requires universal precautions and has been diagnosed with Hepatitis and polysubstance abuse by history. Currently, he is in the process of applying for social security disability with the assistance of an institution social worker. To aid his reintegration in the community, the Unit Team is recommending Mr. Colby receive a Community Corrections Center placement (home confinement) date of October 13, 2005.

| 13.  For MINT Referrals,<br>Date of Delivery: | 14.  (a) For MINT Referrals, Projected Date of Return to Parent Institution:<br>(B) Proposed guardian: |
|---|---|

| TO BE FORWARDED WITH THE REFERRAL FORM | NO. COPIES | TO BE FORWARDED TO THE REGIONAL TSM | NO. COPIES |
|---|---|---|---|
| BP-S210, Referral Form | 2 | BP-S210, Referral Form | 1 |
| Current Progress Report | 2 | Current Progress Report | 2 |
| Pre-sentence Report/Violation Report | 2 | Treatment Summary and Referral Form | 2 |
| Community Based Program Agreement | 2 | Drug Abuse Treatment Programs Agreement to | |
| BP-339 CIM Case Information Summary | 1 | Participate in Community Transition Programming | 2 |
|     (Non-Separation Cases) | | | |
| USPO Acceptance Letter | 2 | | |
| Copy of Latest Notice of Action | 2 | | |
| BP-351 Medical Evaluation for Transfer of | 2 | | |
|   Inmates to CCC Type Facility | | | |
| Judgment & Commitment Order | 2 | | |
| Statement of Responsibility | 2 | | |

* If the inmate has a diagnosed, ongoing medical condition, such as diabetes or coronary disease, send any pertinent medical records.

Record Copy - CCM; Copy - Institution File; Copy - USPO Sentencing District; Copy USPO District of Supervision
(This form may be replicated via WP)                    This form replaces BP-210 November 1995

*Sensitive Limited Official Use Only*

Exhibit "Z"

Inmate Profile

```
            03901-036                REG
REGNO: 03901-036              FUNCTION: DIS DOB/AGE.: 03-22-1950 / 55
NAME.: COLBY, BARRY CLARK                  R/S/ETH.: W/M/O
RSP..: DEV-DEVENS FMC                      MILEAGE.: 101 MILES
PHONE: 978-796-1000        FAX: 978-796-1118
 PROJ REL METHOD: GOOD CONDUCT TIME RELEASE      FBI NO..: 865697G
 PROJ REL DATE..: 11-10-2005                     INS NO..: N/A
 PAR ELIG DATE..: N/A                            SSN.....: 005525907
 PAR HEAR DATE..:              PSYCH: NO     DETAINER: NO      CMC..: NO
  FACL CATEGORY   - - - - - CURRENT ASSIGNMENT - - - - - - EFF DATE  TIME
  DEV  ADM-REL   A-DES      DESIGNATED, AT ASSIGNED FACIL  01-12-2005 0846
  DEV  CASEWORKER CSW J1    R. HUFNAGLE, EXT. 1343         01-12-2005 0846
  DEV  QUARTERS  J01-126U   HOUSE J/RANGE 01/BED 126U      02-01-2005 1934
  DEV  UNIT      J CC       N. PATTERSON, U/M EXT. 1341    01-12-2005 0846
  DEV  WRK DETAIL J UNIT ORD J UNIT ORDERLY                01-12-2005 0846
OFFN/CHG RMKS: PWID COCAINE BASE-80MO CBOP & 5YRS S/R
OFFN/CHG RMKS: (00-CR-14-P-H)



G0002      MORE PAGES TO FOLLOW . . .
```

```
                 03901-036              REG
REGNO: 03901-036                    FUNCTION: DIS  DOB/AGE.: 03-22-1950 / 55
NAME.: COLBY, BARRY CLARK                        R/S/ETH.: W/M/O
RSP..: DEV-DEVENS FMC                            MILEAGE.: 101 MILES
PHONE: 978-796-1000        FAX: 978-796-1118
```

| FACL | CATEGORY | - - - - | CURRENT ASSIGNMENT - - - - - - | EFF DATE | TIME |
|------|----------|---------|--------------------------------|----------|------|
| DEV | ADM-REL | A-DES | DESIGNATED, AT ASSIGNED FACIL | 01-12-2005 | 0846 |
| DEV | CARE LEVEL | CARE4 | MRC CARE REQUIRED | 01-10-2005 | 0959 |
| DEV | COR COUNSL | CCC J1 | T. VILES, EXT.1345 | 01-12-2005 | 0846 |
| DEV | CASE MGT | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 01-29-2008 | 1417 |
| DEV | CASE MGT | RPP COMPLT | RELEASE PREP PGM COMPLETE | 07-26-2005 | 1539 |
| DEV | CASE MGT | RPP UNT C | RELEASE PREP UNIT PGM COMPLETE | 11-22-2004 | 1411 |
| DEV | CASE MGT | V94 CDA913 | V94 CURR DRG TRAF ON/AFT 91394 | 06-07-2000 | 1845 |
| DEV | CASE MGT | V94 PV | V94 PAST VIOLENCE | 06-07-2000 | 1845 |
| DEV | CORR SVCS | RAN NEG | RANDOM DRG TST-NEGATIVE | 10-11-2003 | 0814 |
| DEV | CASEWORKER | CSW J1 | R. HUFNAGLE, EXT. 1343 | 01-12-2005 | 0846 |
| DEV | CUSTODY | OUT | OUT CUSTODY | 07-26-2005 | 1529 |
| DEV | DIAGNOSIS | MS CHRON | MED/SURG CHRONIC OUTPATIENT | 01-10-2002 | 1520 |
| DEV | DRUG PGMS | DRG E COMP | DRUG EDUCATION COMPLETED | 08-29-2000 | 0836 |
| DEV | DRUG PGMS | DRG I RQ J | DRG INTRV REQD: JUD RECOMMEND | 06-07-2000 | 1840 |

G0002       MORE PAGES TO FOLLOW . . .

DEVEN    535 03 * Case 4:05-cv-40124-NG    INMATE PROFILE Filed 10/17/2005    Page 21 of 22 19-2005
PAGE 003                    Document 6-5                                07:47:34

```
          03901-036                  REG
REGNO: 03901-036                     FUNCTION: DIS DOB/AGE.: 03-22-1950 / 55
NAME.: COLBY, BARRY CLARK                           R/S/ETH.: W/M/O
RSP..: DEV-DEVENS FMC                               MILEAGE.: 101 MILES
PHONE: 978-796-1000          FAX: 978-796-1118
  FACL CATEGORY    - - - - -   CURRENT ASSIGNMENT - - - - - -   EFF DATE   TIME
  DEV  DESTNATION CBN 1DC      PHAROS HOUSE PORTLAND ME         10-11-2005 1519 <-
  DEV  EDUC INFO  ESL HAS      ENGLISH PROFICIENT               06-12-2000 0001
  DEV  EDUC INFO  GED HAS      COMPLETED GED OR HS DIPLOMA      06-12-2000 0001
  DEV  FIN RESP   COMPLT       FINANC RESP-COMPLETED            04-02-2001 1131
  DEV  LEVEL      MINIMUM      SECURITY CLASSIFICAT'N MINIMUM   07-26-2005 1528
  DEV  MED DY ST  NO F/S       NO FOOD SERVICE WORK             06-07-2000 1429
  DEV  MED DY ST  REG DUTY W   REGULAR DUTY W/MED RESTRICTION   01-15-2002 1413
  DEV  PGM REVIEW OCT          OCTOBER PROGRAM REVIEW           10-25-2005 1709
  DEV  QUARTERS   J01-126U     HOUSE J/RANGE 01/BED 126U        02-01-2005 1934
  DEV  RELIGION   PROTESTANT   PROTESTANT                       06-07-2000 1853
  DEV  UNIT       J CC         N. PATTERSON, U/M EXT. 1341      01-12-2005 0846
  DEV  WAITNG LST COMP I A&O   COMPLETED INSTITUTION A&O        01-24-2002 1526
  DEV  WAITNG LST COMP U A&O   COMPLETED UNIT A&O               01-22-2002 0856
  DEV  WAITNG LST MAIL         NEWSPAPERS                       08-06-2002 1151

G0002        MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40124-NG   Document 6-5   Filed 10/17/2005   Page 22 of 22

```
                  03901-036              REG
REGNO: 03901-036                  FUNCTION: DIS DOB/AGE.: 03-22-1950 / 55
NAME.: COLBY, BARRY CLARK                      R/S/ETH.: W/M/O
RSP..: DEV-DEVENS FMC                          MILEAGE.: 101 MILES
PHONE: 978-796-1000        FAX: 978-796-1118
  FACL CATEGORY  - - - - -  CURRENT ASSIGNMENT - - - - - -  EFF DATE  TIME
  DEV  WAITNG LST SIS POB    SIS POB                        10-23-2002 1330
  DEV  WRK DETAIL J UNIT ORD J UNIT ORDERLY                 01-12-2005 0846
```

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

Exhibit "Z"

Inmate Profile

Case 4:05-cv-40124-NG     Document 6-6     Filed 10/17/2005     Page 2 of 9

```
            03901-036                    REG
REGNO: 03901-036                        FUNCTION: DIS DOB/AGE.: 03-22-1950 / 55
NAME.: COLBY, BARRY CLARK                             R/S/ETH.: W/M/O
RSP..: DEV-DEVENS FMC                                 MILEAGE.: 101 MILES
PHONE: 978-796-1000          FAX: 978-796-1118
 PROJ REL METHOD: GOOD CONDUCT TIME RELEASE       FBI NO..: 865697G
 PROJ REL DATE..: 11-10-2005                      INS NO..: N/A
 PAR ELIG DATE..: N/A                             SSN.....: 005525907
 PAR HEAR DATE..:                    PSYCH: NO       DETAINER: NO        CMC..: NO
  FACL CATEGORY    - - - - -  CURRENT ASSIGNMENT - - - - - -  EFF DATE  TIME
  DEV  ADM-REL    A-DES      DESIGNATED, AT ASSIGNED FACIL  01-12-2005 0846
  DEV  CASEWORKER CSW J1     R. HUFNAGLE, EXT. 1343          01-12-2005 0846
  DEV  QUARTERS   J01-126U   HOUSE J/RANGE 01/BED 126U       02-01-2005 1934
  DEV  UNIT       J CC       N. PATTERSON, U/M EXT. 1341     01-12-2005 0846
  DEV  WRK DETAIL J UNIT ORD J UNIT ORDERLY                  01-12-2005 0846
OFFN/CHG RMKS: PWID COCAINE BASE-80MO CBOP & 5YRS S/R
OFFN/CHG RMKS: (00-CR-14-P-H)
```

G0002        MORE PAGES TO FOLLOW . . .

```
              03901-036              REG
REGNO: 03901-036                        FUNCTION: DIS DOB/AGE.: 03-22-1950 / 55
NAME.: COLBY, BARRY CLARK                              R/S/ETH.: W/M/O
RSP..: DEV-DEVENS FMC                                MILEAGE.: 101 MILES
PHONE: 978-796-1000        FAX: 978-796-1118
  FACL CATEGORY   - - - - -   CURRENT ASSIGNMENT - - - - - -   EFF DATE   TIME
  DEV  ADM-REL    A-DES       DESIGNATED, AT ASSIGNED FACIL   01-12-2005 0846
  DEV  CARE LEVEL CARE4       MRC CARE REQUIRED               01-10-2005 0959
  DEV  COR COUNSL CCC J1      T. VILES, EXT.1345              01-12-2005 0846
  DEV  CASE MGT   PROG RPT    NEXT PROGRESS REPORT DUE DATE   01-29-2008 1417
  DEV  CASE MGT   RPP COMPLT  RELEASE PREP PGM COMPLETE       07-26-2005 1539
  DEV  CASE MGT   RPP UNT C   RELEASE PREP UNIT PGM COMPLETE  11-22-2004 1411
  DEV  CASE MGT   V94 CDA913  V94 CURR DRG TRAF ON/AFT 91394  06-07-2000 1845
  DEV  CASE MGT   V94 PV      V94 PAST VIOLENCE               06-07-2000 1845
  DEV  CORR SVCS  RAN NEG     RANDOM DRG TST-NEGATIVE         10-11-2003 0814
  DEV  CASEWORKER CSW J1      R. HUFNAGLE, EXT. 1343          01-12-2005 0846
  DEV  CUSTODY    OUT         OUT CUSTODY                     07-26-2005 1529
  DEV  DIAGNOSIS  MS CHRON    MED/SURG CHRONIC OUTPATIENT     01-10-2002 1520
  DEV  DRUG PGMS  DRG E COMP  DRUG EDUCATION COMPLETED        08-29-2000 0836
  DEV  DRUG PGMS  DRG I RQ J  DRG INTRV REQD: JUD RECOMMEND   06-07-2000 1840

G0002        MORE PAGES TO FOLLOW . . .
```

```
          03901-036              REG
REGNO: 03901-036                 FUNCTION: DIS DOB/AGE.: 03-22-1950 / 55
NAME.: COLBY, BARRY CLARK                      R/S/ETH.: W/M/O
RSP..: DEV-DEVENS FMC                         MILEAGE.: 101 MILES
PHONE: 978-796-1000         FAX: 978-796-1118
  FACL CATEGORY   - - - - -  CURRENT ASSIGNMENT - - - - - -  EFF DATE  TIME
  DEV  DESTNATION CBN 1DC     PHAROS HOUSE PORTLAND ME        10-11-2005 1519 ←
  DEV  EDUC INFO  ESL HAS     ENGLISH PROFICIENT              06-12-2000 0001
  DEV  EDUC INFO  GED HAS     COMPLETED GED OR HS DIPLOMA     06-12-2000 0001
  DEV  FIN RESP   COMPLT      FINANC RESP-COMPLETED           04-02-2001 1131
  DEV  LEVEL      MINIMUM     SECURITY CLASSIFICAT'N MINIMUM  07-26-2005 1528
  DEV  MED DY ST  NO F/S      NO FOOD SERVICE WORK            06-07-2000 1429
  DEV  MED DY ST  REG DUTY W  REGULAR DUTY W/MED RESTRICTION  01-15-2002 1413
  DEV  PGM REVIEW OCT         OCTOBER PROGRAM REVIEW          10-25-2005 1709
  DEV  QUARTERS   J01-126U    HOUSE J/RANGE 01/BED 126U       02-01-2005 1934
  DEV  RELIGION   PROTESTANT  PROTESTANT                      06-07-2000 1853
  DEV  UNIT       J CC        N. PATTERSON, U/M EXT. 1341     01-12-2005 0846
  DEV  WAITNG LST COMP I A&O  COMPLETED INSTITUTION A&O       01-24-2002 1526
  DEV  WAITNG LST COMP U A&O  COMPLETED UNIT A&O              01-22-2002 0856
  DEV  WAITNG LST MAIL        NEWSPAPERS                      08-06-2002 1151

G0002      MORE PAGES TO FOLLOW . . .
```

```
          03901-036                   REG
REGNO: 03901-036                      FUNCTION: DIS DOB/AGE.: 03-22-1950 / 55
NAME.: COLBY, BARRY CLARK                          R/S/ETH.: W/M/O
RSP..: DEV-DEVENS FMC                              MILEAGE.: 101 MILES
PHONE: 978-796-1000          FAX: 978-796-1118
  FACL CATEGORY    - - - - -  CURRENT ASSIGNMENT - - - - - -  EFF DATE  TIME
  DEV   WAITNG LST SIS POB    SIS POB                         10-23-2002 1330
  DEV   WRK DETAIL J UNIT ORD J UNIT ORDERLY                  01-12-2005 0846
```

G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED